**Ex parte Melanie CATHCART, Relator.**

**No. 04–98–00231–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 28, 1998.

Cynthia Hujar Orr, Goldstein, Goldstein & Hilley, San Antonio, for Appellant.

Judy Madewell, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and GREEN, JJ.

## OPINION

LOPEZ, Justice.

This is a delayed indictment case. For the reasons stated in the opinion, we reverse and remand with instructions to grant habeas corpus relief.

### Procedural Background

On October 4, 1996, Melanie Cathcart was involved in an automobile accident. She was arrested for the offense of driving while intoxicated ("DWI") and intoxication assault and released on $800.00 bail on October 5, 1996. She was charged by information for misdemeanor DWI in October 1996 in County Court at Law No. 8. The case was dismissed on December 19, 1996,[1] with the notation that the State would "refile as intoxication assault." There was a release of liability and the appellant's bond was closed.

On March 4, 1997, appellant filed an original application for writ of habeas corpus in the 187th Judicial District Court. The writ was granted and heard on May 12, 1997, by Criminal Magistrate Andrew Carruthers. The following day, Magistrate Carruthers filed findings of fact and conclusions of law recommending that relief be denied.

While that recommendation was pending before Judge Raymond Angelini, the grand jury returned indictments against Ms. Cathcart for intoxication assault.[2] Judge Angelini denied habeas corpus relief on March 2, 1998. Appellant filed a notice of appeal that same day. On March 9, 1998, Judge Sharon MacRae stayed the proceedings in cause numbers 97–CR–3612 and 97–CR–3613 pending the outcome of this appeal.

### Delayed Indictment

In a single point of error, appellant argues that the trial court lacked jurisdiction to proceed to trial in the intoxication assaults because the indictments were presented to the grand jury after the next term following her arrest.

The controlling statute is Article 32.01 which, in 1996, provided:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant **at the next term** of the court which is held after his commitment or admission to bail.

Tex.Code Crim. Proc. art. 32.01 (Vernon 1989). At the time of Ms. Cathcart's arrest, Article 28.061 rendered a dismissal under 32.01 to be one with prejudice and reads:

> If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article **or Article 32.01** of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

Tex.Code Crim. Proc. art. 28.061 (Vernon 1989)[3] (emphasis added); *see Ex parte*

---

1. *The State of Texas v. Melanie Cathcart,* Cause No. 646,228.

2. Cause numbers 97–CR–3612 and 97–CR–3613 were filed on July 30, 1997, and assigned to the 290th Judicial District Court. The indictments charge that on October 5, 1996, Ms. "Cathcart ... by reason of intoxication ... caus[ed] serious bodily injury ... to Jennifer Anaya and Hilda Figueroa." These are the same alleged offenses which were the subject of the application for writ of habeas corpus. Anaya and Figueroa are listed in the police report as passengers in Ms. Cath-

cart's car which was involved in the accident on that date.

3. All references to articles 28.061 and 32.01 are to the Texas Code of Criminal Procedure in effect on October 4, 1996. Both articles were amended by the Legislature to extend the time within which the State may obtain an indictment to 180 days and to delete the dismissal "with prejudice" implications of a delayed indictment. These amendments are prospective. *See* Act of May 26, 1997, 75th Leg., R.S., ch 289, 1997 Tex. Gen. Laws 1074, 1304.

*Knight,* 904 S.W.2d 722, 725 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (case dismissed with prejudice when indictment untimely); *Nguyen v. State,* 882 S.W.2d 471, 473 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (failure to indict defendant in next term of court held after his submission to bail entitled defendant to dismissal of prosecution with prejudice).

■ Bexar County grand juries for all criminal district courts operate under two-month terms.[4] Cathcart was arrested during the September–October term. She was not indicted during that term or the November–December term. Ms. Cathcart's arrest for intoxication assault did not culminate in a felony indictment before the grand juries' November–December 1996 term expired. During that time, the State initially chose to prosecute this charge as a misdemeanor DWI case, which it dismissed in December of 1996 with the notation that the State would "refile as intoxication assault." Seven months later, on July 30, 1997, the State presented two indictments for intoxication assault, one relating to each passenger, in Cause Numbers 97–CR–3612 and 97–CR–3613.

At the hearing on this issue, the prosecutor argued that, because the State chose to pursue a misdemeanor based on a complaint or information, Article 28.061 was not implicated during the two grand jury terms of limitation stemming from her arrest. The State made no attempt to show good cause for delay in bringing the indictment some nine months after the arrest.

■ In its brief, the State raises an additional argument for the first time. It notes that before the November–December 1996 grand jury term expired and the date appellant filed her application for writ of habeas corpus on March 4, 1997, she "was not in any way 'restrained in his liberty,'[sic]" citing to Article 11.01 of the code of criminal procedure. This argument is premised on the fact

that when the misdemeanor was dismissed on December 19, 1996, the court also released any liability as to bail and the bond was closed. Therefore, the State argues, as no charges were pending against her[5] and she was not at that time held on bail, appellant was not entitled to habeas corpus relief. By failing to request additional findings, however, appellee has waived any right to complain about omitted or incorrect findings. *See Operation Rescue–National v. Planned Parenthood of Houston and Southeast Texas, Inc.,* 937 S.W.2d 60, 82 (Tex.App.—Houston [14th Dist.] 1996, writ granted); *Dallas Morning News Co. v. Board of Trustees Dallas ISD,* 861 S.W.2d 532, 538 (Tex.App.—Dallas 1993, writ denied).

The State further argues that the habeas was filed in connection with a misdemeanor, appellant was not being held to answer a criminal accusation in the district court, and Article 32.01 was not triggered. In addition, the habeas was filed between the time the misdemeanor was dismissed and the felony indictment was returned, the State argues, therefore, that the trial court was correct to deny relief. This argument ignores the fact that Article 32.01 applies to "any criminal accusation." Appellant stood accused of a felony, intoxication assault, from the day she was arrested. The fact the State pursued misdemeanor charges during the first several months, dismissed its case, and did not indict as a felony for nine months did not change that fact.

To support its premise, the State cites two cases which hold that Article 32.01 is not invoked under circumstances distinguishable from this appeal. In *Soderman v. State,* the defendant sought to have a case pending in county court dismissed because the complaint of deceptive trade practice and illegally carrying a weapon were brought after the expiration of two terms of the grand jury. The appellate court correctly held that Article 32.01 does not apply to county court prosecu-

---

4. "The terms of the 187th District Court begin on the first Mondays in January, March, May, July, September, and November. Each term continues until the court has disposed of the business for that term." Tex. Gov't Code § 24.366(c) (Vernon 1989).

5. Appellant points out in a reply brief that in order to make the claim that no charges were pending, the State has referred to matters outside the record, discussing errors in the magistrate's findings and conclusions for which the State waived any objection.

tions. *See Soderman v. State*, 915 S.W.2d 605, 608 (Tex.App.—Houston [14th Dist.] 1996, review refused, untimely filed). This case never involved an accusation of a felony, the indictment of which is properly returnable to a district court. Likewise, in *Uptergrove v. State*, the defendant was initially charged with murder as a juvenile under the family code. After an order waiving jurisdiction and transferring the matter to district court to be tried as an adult, Uptergrove was indicted seven weeks later, within the same term of the grand jury. The appellate court held that the original charge of murder stemming from his arrest did not become a criminal accusation until the defendant was bound over to the district court to be tried as an adult. *Uptergrove v. State*, 881 S.W.2d 529, 531 (Tex.App.—Texarkana 1994, review refused). The Texarkana court also found the writ moot following a late indictment, relying on *Tatum v. State*, 505 S.W.2d 548 (Tex. Crim.App.1974). As we stated in our opinion in *Lawson*, however, the mootness issue does not apply to cases filed following the 1987 amendments to Articles 28.061 and 32.01 which mandated dismissal with prejudice where no good cause was shown for the delayed indictment. *See Ex parte Lawson*, 966 S.W.2d 532, 536 (Tex.App.—San Antonio 1996, pet. filed).

We hold that the trial court erred in denying relief and reverse that ruling. Because this habeas hearing was held on May 12, 1997, five months after our *Lawson* opinion issued, and the State did not put on any good cause evidence, the trial court is instructed to enter an order granting habeas corpus relief. All further prosecutions for intoxication assault shall be dismissed and further criminal prosecution stemming from the October 5, 1996 arrest is barred.