**Ex parte Melanie CATHCART, Appellant.**

**No. 129–99.**

Court of Criminal Appeals of Texas, En Banc.

March 8, 2000.

Cynthia Hujar Orr, San Antonio, for appellant.

Barbara Hervey, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

## O P I N I O N

JOHNSON, J., delivered the unanimous opinion of the Court.

Appellant Melanie Cathcart was driving an automobile when it was involved in an accident on October 5, 1996. Her two passengers were injured, one suffering "incapacitating injuries." She was arrested and released on $800.00 bail. Appellant was subsequently charged by information with misdemeanor driving while intoxicated (DWI). The state filed a motion to dismiss on December 18, 1996, with the notation "dismissed for the following reasons: for further investigation—refile as intoxication assault." The DWI case was dismissed on December 19, 1996, and appellant's bond was closed. At issue is whether appellant was also arrested and charged with intoxication assault at the time of her arrest for driving while intoxi-

cated, and was thereby legally "restrained in her liberty"and eligible for habeas corpus relief.

On March 4, 1997, appellant filed an original application for writ of habeas corpus in the 187th Judicial District Court of Bexar County. Although the DWI case against her had been dismissed and her bond closed, appellant maintained that she was nevertheless restrained in her liberty because she had also been arrested for intoxication assault at the time she had been arrested for DWI. The state responded that appellant had never been charged with or held to bail for intoxication assault. The writ issued. After a hearing on May 12, the magistrate promptly filed findings of fact and conclusions of law recommending that relief be denied.[1]

While that recommendation was pending before the habeas court, the grand jury returned two indictments against appellant for intoxication assault. The habeas court denied relief on March 2, 1998, and appellant filed timely notice of appeal. On March 9, 1998, the trial court stayed the proceedings stemming from the indictments, pending outcome of the habeas appeal.

On appeal to the court of appeals, appellant contended that the trial court lacked jurisdiction to proceed to trial in the intoxication assaults because she had been arrested for DWI *and* intoxication assault on October 5, 1996, and indictments were not presented to the grand jury before the end of the next grand jury term following her arrest, in violation of TEX.CODE CRIM. PROC. ANN. arts. 32.01 and 28.061 (Vernon 1989).[2] The Fourth Court of Appeals held that the habeas court erred in denying relief. *Ex parte Cathcart*, 982 S.W.2d 540, 543 (Tex. App.—San Antonio 1998). The court of appeals' opinion states without elaboration

---

1. Although the magistrate's findings of fact state that the dismissal of the DWI charge was filed by the state on December 18, 1997, and the charge was dismissed on December 19, 1997, these appear to be typographical errors. All supporting documents indicate that both events took place in 1996.

2. These provisions have since been amended. *See* TEX.CODE CRIM. PROC. ANN. arts. 32.01 and 28.061 (Vernon Supp.1999).

that appellant was arrested for both DWI and intoxication assault on October 5, 1996. It reversed the habeas court's ruling and instructed that court to enter an order granting relief. *Id.* It also ordered that all further prosecutions for intoxication assault be dismissed and barred any further criminal prosecutions stemming from the October 5, 1996, arrest. *Id.*

■ We granted the state's petition for discretionary review to determine, *inter alia*,[3] whether the "Court of Appeals erred in holding a defendant is (still) (sic) detained in custody or held to bail for his appearance to answer any criminal accusation before a district court once the case is dismissed by the state, a release of liability is had and the [appellant's] bond is closed."

Our review of the record finds little support for the conclusion of the court of appeals that appellant was arrested for intoxication assault on October 5, 1996. The accident report filed by Officer McCumber (# 1413) noted that the driver was arrested for DWI and that a passenger had suffered "incapacitating injuries." In an incident report filed by Officer Fields (# 1119), he noted that Officer Dunkum (# 244) brought "a subject in an intoxication assault" to the intoxilyzer room. A computer print-out of the docket sheet notes only a charge of driving while intoxicated and a bond on that charge of $800.00. Subsequent notations on the docket sheet indicate "bond closed" and "case closed." The motion to dismiss and the order granting it mention only DWI. Conspicuous by their absence are a report or testimony from Officer Dunkum, a copy of a complaint (or any charging instrument other than the allegedly tardy indictments) on intoxication assault or DWI (despite the diligent efforts of defense counsel), and a copy of the bond on which appellant was released on October 5 or any other bond indicating that appellant was held to bail on the charge of intoxication assault in addition to the $800.00 bond for DWI.

■ We conclude from the record that appellant was never arrested for, charged with, or held to bail on intoxication assault until the 1997 indictments, which were presented after appellant's writ application was filed and well within the statute of limitations. An accident report is a series of observations, not a criminal accusation. An observation noting the existence of an element of an offense (serious bodily injury) does not indicate that such offense was actually charged. Likewise, a notation by an intoxilyzer operator than an arresting officer had brought "a subject in an intoxication assault" to the intoxilyzer room does not demonstrate that the arresting officer filed a criminal accusation of that offense. Offenses noted in police reports can be, and frequently are, not the offense complained of in any subsequent criminal accu-

---

**3.** We also granted the state's petition on the following grounds: (1) "The Court of Appeals erred in reversing the judgment of the trial court and remanding with instructions to dismiss all further prosecution for intoxication assault and barring further criminal prosecutions stemming from the [appellant's] October 5, 1996 arrest as the court has misconstrued articles 32.01 and 28.061 of the Texas Code of Criminal Procedure;" (2) "The Court of Appeals erred in holding article 32.01 of the Texas Code of Criminal Procedure applies to bar prosecution of the defendant for a felony offense stemming from the same transaction as a previously charged but dismissed misdemeanor;" (3) "The Court of Appeals erred in holding that one 'accused' of a felony is equivalent to one 'charged' with a felony for purposes of invoking article 32.01 of the Texas Code of Criminal Procedure;" (5) "The Court of Appeals erred in holding a dismissal by the state is equivalent to a discharge by the court, sustaining a motion to set an indictment, information, or complaint for failure to provide a speedy trial, thus engaging article 28.061 of the Texas Code of Criminal Procedure and barring further prosecution under article 28.061 or Article 32.01 of the Texas Code of Criminal Procedure;" (6) "The Court of Appeals erred in holding article 11.01 of the Texas Code of Criminal Procedure applies to one not restrained in his liberty." However, based on our disposition of the state's fourth ground for review, it is unnecessary for us to review these grounds. Therefore, grounds one, two, three, five and six are dismissed. *See* TEX.R.APP. P. 69.3.

sation or charging document. We find that appellant was never legally restrained in her liberty as to the charge of intoxication assault.

■ The writ of habeas corpus is a remedy used when one is "restrained in his liberty." TEX.CODE CRIM. PROC. art. 11.01. "Restraint" is defined as "the kind of control which one person exercises over another ... to subject him to the general authority and power of the person claiming such right." TEX.CODE CRIM. PROC. art. 11.22. As has been noted in other cases, the term "restraint" has been construed broadly in the context of habeas corpus writ applications. *Ex parte Ormsby*, 676 S.W.2d 130, 132 n. 4 (Tex.Crim.App.1984); *see also Gibson v. State*, 921 S.W.2d 747, 754 (Tex.App.—El Paso 1996, writ denied). However, appellant in the instant case cannot be said to have been "restrained" in her liberty, even within this broad construction of that term. The pending DWI case against appellant was dismissed and her bond closed. She was then no longer restrained in her liberty as to the charge of driving while intoxicated. The state's notation that it would "refile as intoxication assault" cannot, of itself, be said to have restrained appellant in her liberty; until such a charge was actually filed against appellant, this was, at best, a statement of intent on the part of the state.

Because we find that appellant was neither held to bail nor legally restrained in her liberty on the charge of intoxication assault, we must also find that the habeas corpus jurisdiction of the district court was not properly invoked. *Cf. Ex parte Eureste*, 725 S.W.2d 214, 216 (Tex.Crim.App. 1986) (because applicant was not under restraint under either contempt order attacked in habeas application nor by invalid bond entered into in district court, original habeas corpus jurisdiction of Court of

Criminal Appeals was not been properly invoked).[4] The state's fourth ground for review is sustained.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for proceedings consistent with this opinion.

---

4. *See also Ex parte Paprskar*, 573 S.W.2d 525, 527 (Tex.Crim.App.1978) (en banc) (because allegations raised by petition for Expunction of Arrests revealed that petitioner was neither confined nor restrained pursuant to any state action which was subject of his petition, and

because disposition of petitioner's claim would not affect fact or duration of his confinement, such petition could not be construed as petition for writ of habeas corpus which would invoke jurisdiction of Court of Criminal Appeals).