**Ex parte Melanie CATHCART, Relator.**

**No. 04–98–00231–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 18, 2000.

Cynthia Hujar Orr, Goldstein, Goldstein & Hilley, San Antonio, for Appellant.

Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: HARDBERGER, Chief Justice, and LÓPEZ, Justice and GREEN, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Justice.

Previously, we considered Melanie Cathcart's appeal of the trial court's judgment denying her application for writ of habeas corpus. Because we determined that Cathcart was accused of committing the offense of intoxication manslaughter beginning the day she was arrested on October 4, 1996, and because article 32.01 of the Code of Criminal Procedure uses the language "any criminal accusation," we instructed the trial court to enter an order granting habeas relief. In response, the State filed a petition for discretionary review challenging our decision.

Upon consideration of the State's petition, the court of criminal appeals reversed and remanded the cause because Cathcart "was neither held to bail nor illegally restrained in her liberty on the charge of intoxication assault" at the time she filed her application for writ of habeas corpus. *See Ex parte Cathcart,* 13 S.W.3d 414, 417 (Tex.Crim.App.2000). The court of criminal appeals explained that because Cathcart "was never arrested for, charged with, or held to bail on intoxication assault" until after she was indicted for intoxication assault—a time subsequent to the filing of her application for writ of habeas corpus, the habeas corpus jurisdiction of the district court was not properly invoked. *See Ex parte Cathcart,* 13 S.W.3d at 416–17.

The court of appeals has no jurisdiction in a habeas corpus action where the trial court's jurisdiction was not invoked. *See* Tex.Code Crim.Proc.Ann. art. 11.05 (Vernon 1977) (courts of appeals not listed as court with original habeas corpus jurisdiction). As a result, we now dismiss Cathcart's application for want of jurisdiction.