KELLER, P.J.
 

 *29
 
 There is a jurisdictional problem with this case. The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty.
 
 (
 

 [1]
 

 )
 
 "Restraint" means:
 

 the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right.
 
 (
 

 [2]
 

 )
 

 The term "restraint" has been construed broadly in the context of habeas corpus writ applications,
 
 (
 

 [3]
 

 )
 
 but the requirement of some kind of restraint still exists.
 

 Applicant has not alleged restraint. He acknowledges that he has served all of his time, and he makes no further reference to anything we might even possibly construe as restraint. I would dismiss the application for lack of jurisdiction.
 

 Even if this Court had jurisdiction, though, there is another problem with granting relief. There is nothing in the record to support the trial court's recommendation, because applicant's name does not match the name on the documents that supposedly show his birth date.
 

 Applicant's name is Louis Levine. But the birth certificate attached to the application is for a "Luis Martinez." Applicant attempts to connect himself to the birth certificate by styling himself "Luis Martinez/aka Louis Levine" and by signing his name "Luis Martinez," but those are the only places the names are connected. And the space for "nickname/alias" on applicant's offense report is left blank. Applicant has obtained a birth certificate for someone named Luis, with a last name different from his own, who was born on July 13, 1975. This birth certificate does not support a conclusion that applicant was born on July 13, 1975.
 

 The trial court made a finding that CJIS
 
 (
 

 [4]
 

 )
 
 lists applicant's birth date as an earlier date that would make him seventeen at the time of the offense. The court nevertheless makes a finding that "applicant's" birth certificate shows that he was sixteen at the time of the offense.
 

 Louis Levine and Luis Martinez may be the same person, but there is no evidence in the record to support that conclusion-no testimony, no documents, nothing. Before granting relief from a conviction based upon an applicant's age, I would require some proof that the birth certificate proffered in support of the claim belongs to the applicant.
 

 I respectfully dissent.
 

 Keller, P.J., filed a dissenting opinion in which HERVEY, and COCHRAN, JJ., joined.
 

 [1]
 

 Article 11.01, Texas Code of Criminal Procedure.
 

 [2]
 

 Article 11.22, Texas Code of Criminal Procedure.
 

 [3]
 

 Ex parte Cathcart
 
 ,
 
 13 S.W.3d 414
 
 , 417 (Tex. Crim. App. 2000).
 

 [4]
 

 The Criminal Justice Information Services Division of the FBI.