

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-21-00203-CR

**EX PARTE** Armando **RAMOS**

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6442-W1
Honorable Velia J. Meza, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice
Dissenting Opinion by: Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Beth Watkins, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: November 30, 2022

Appellant Armando Ramos appeals the trial court's denial of his application for a post-conviction writ of habeas corpus, arguing his misdemeanor conviction subjected him to double jeopardy. The majority opinion affirms the trial court's denial of Ramos's habeas application. Because I believe the trial court did not have jurisdiction to consider the habeas application, I respectfully dissent.

### THE 11.09 HABEAS APPLICATION

"A defendant convicted of a misdemeanor offense may attack the validity of his conviction by way of habeas corpus if he is either (1) confined or restrained as a result of a misdemeanor charge or conviction, or (2) is no longer confined, but is subject to collateral legal consequences resulting from the conviction." *Ex parte Rucker*, No. 05-21-00364-CR, 2022 WL 714744, at *3 (Tex. App.—Dallas Mar. 10, 2022, pet. ref'd) (mem. op., not designated for publication) (citing

*State v. Collazo*, 264 S.W.3d 121, 125–26 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)). *See generally* TEX. CODE CRIM. PROC. arts. 11.09, 11.21, 11.22; *Ex parte Schmidt*, 109 S.W.3d 480, 482–84 (Tex. Crim. App. 2003). "To prevail upon a post-conviction writ of habeas corpus, [appellant] bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief." *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); *Collazo*, 264 S.W.3d at 126. The habeas applicant must therefore prove he is confined, restrained, or subject to collateral legal consequences resulting from his misdemeanor conviction. *See Collazo*, 264 S.W.3d at 126; *see also Schmidt*, 109 S.W.3d at 481–84; *Rucker*, 2022 WL 714744, at *3. These requirements are jurisdictional. *See Ex parte Cathcart*, 13 S.W.3d 414, 417 (Tex. Crim. App. 2000) ("Because we find that appellant was neither held to bail nor legally restrained in her liberty on the charge of intoxication assault, we must also find that the habeas corpus jurisdiction of the district court was not properly invoked."); *Collazo*, 264 S.W.3d at 125–26 (concluding habeas applicant properly invoked trial court's jurisdiction by demonstrating he was subject to collateral consequences because he was denied opportunity to obtain Texas peace officer license); *Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (concluding habeas applicant properly invoked trial court's jurisdiction by demonstrating he was subject to collateral consequences because then-present ICE detention and potential deportation based solely on misdemeanor convictions).

The habeas applicant must also establish the confinement or restraint is a result of the conviction that he challenges in his habeas application. *See Le*, 300 S.W.3d at 326 (habeas applicant must establish collateral legal consequences resulted from her Texas misdemeanor convictions); *Collazo*, 264 S.W.3d at 125–26 (defendant may attack misdemeanor conviction provided he is confined, restrained, or subject to collateral legal consequences resulting from conviction); *see also Cathcart*, 13 S.W.3d at 417; *In re Crocker*, No. 05-21-00692-CV, 2021 WL

4621765, at *1 (Tex. App.—Dallas Oct. 7, 2021) (orig. proceeding) ("Without proof that relator is being restrained or confined as a result of the DWI arrest, relator is not entitled to seek habeas relief.").

Ramos alleged in his habeas application he was offered "time served" for a guilty plea on his misdemeanor charge of driving while intoxicated, and he accepted that deal. This is consistent with the record, which shows Ramos was sentenced to time served, and the trial court's findings of fact and conclusions of law, which provide "[Ramos's] sentence was satisfied as time served." Although Ramos remains confined, the record shows he is not confined or restrained as a result of a misdemeanor charge or conviction. Instead, his confinement results from the revocation of his parole with respect to his conviction for felony aggravated sexual assault of a child, which occurred two years before his guilty plea on his misdemeanor DWI conviction. Ramos does not identify any other proof he is confined, restrained, or subject to collateral legal consequences because of his misdemeanor DWI conviction. *See* TEX. CODE CRIM. PROC. arts. 11.21 & 11.22; *Tatum*, 846 S.W.2d at 327; *Collazo*, 264 S.W.3d at 126; *Brumley*, 2018 WL 2054625, at *1.

Because Ramos has failed to carry his burden of showing how he is confined, restrained, or subject to collateral legal consequences, the trial court did not have jurisdiction to consider his habeas application. *See Cathcart*, 13 S.W.3d at 417; *Ex parte Huerta*, 582 S.W.3d 407, 413 (Tex. App.—Amarillo 2018, pet. ref'd) (vacating trial court's order and dismissing appeal for want of jurisdiction where release from Lubbock County confinement rendered appeal of trial court's order moot); *Ex Parte Galvan-Herrera*, No. 13-11-00380-CR, 2012 WL 1484097, at *7 (Tex. App.—Corpus Christi-Edinburg Apr. 26, 2012, pet. ref'd) (mem. op., not designated for publication) (vacating and dismissing for lack of jurisdiction). Without jurisdiction, the trial court improperly considered Ramos's habeas application and denied it. The majority opinion, however, implicitly finds the trial court had jurisdiction to consider Ramos's application and ignores the burden Ramos

must carry to show he is confined, restrained, or subject to collateral legal consequences as a result of his misdemeanor DWI conviction. To the extent the majority reasons the State has not raised these jurisdictional concerns, we are "obligated to review issues affecting jurisdiction." *See Collazo*, 264 S.W.3d at 126, n.2.

## CONCLUSION

Because Ramos failed to meet his burden and show how he is confined, restrained, or otherwise subject to collateral legal consequences, he failed to invoke the trial court's jurisdiction to consider his 11.09 habeas application. I would therefore vacate the trial court's April 9, 2021 order denying habeas relief and dismiss Ramos's misdemeanor habeas application for lack of jurisdiction.

Luz Elena D. Chapa, Justice

Do Not Publish