Rudolph G. MENDIOLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00813–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 8, 2001.

Rehearing Overruled Oct. 11, 2001.

Mark Stevens, San Antonio, for Appellant.

Mary Beth Welsh, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: TOM RICKHOFF, SARAH B. DUNCAN, and KAREN ANGELINI, Justices.

## OPINION ON REMAND

KAREN ANGELINI, Justice.

This appeal is from a conviction on three counts of indecency with a child by sexual contact. The jury found Rudolph G. Mendiola guilty and sentenced him to twelve years confinement. We affirmed his conviction and sentence. The Texas Court of Criminal Appeals granted Mendiola's petition for discretionary review to determine whether we erred in determining that certain evidence, offered by Mendiola, was not a "matter ... relevant to sentencing" under Art. 37.07 § 3(a) of the Texas Code of Criminal Procedure. The court reversed our judgment and remanded the case on this sole issue. The court ordered us to reconsider Mendiola's argument in light of *Rogers v. State*, 991 S.W.2d 263 (Tex.Crim.App.1999). *Mendiola v. State*, 21 S.W.3d 282, 285 (Tex.Crim.App.2000). Upon consideration of *Rogers*, we affirm.

### STANDARD OF REVIEW

■ We review the trial court's decision to admit extraneous offense evidence with the abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex.Crim.App.1996); *Welch v. State*, 993 S.W.2d 690, 697 (Tex.App.—San Antonio 1999, no pet.). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). Article 37.07 § 3(a) empowers the trial court with authority on the threshold issue of admissibility of relevant evidence during the punishment phase of a trial. *Saldivar v. State*, 980 S.W.2d 475, 504 (Tex.App.—Houston [14th

Dist.] 1998, pet. ref'd); *see also Mitchell,* 931 S.W.2d at 953.

## DISCUSSION

During the punishment phase of Mendiola's trial, the State presented the testimony of Mendiola's great niece, A.M. She testified that appellant had engaged in sexual contact with her. Mendiola's attorney later questioned Mendiola's daughter, Elizabeth Castillo, about the incident involving A.M. Counsel asked Castillo whether Mendiola had been indicted and whether the district attorney (D.A.) had dismissed the charges. The trial court sustained the State's objections to relevance. Mendiola complains on appeal that the trial court erred in excluding the evidence that the D.A. dismissed the indictment. On original submission, we discussed the meaning of "relevant" set out in Rule 401 of the Texas Rules of Evidence and found "[a]ny evidence of dismissal of criminal charges for extraneous offenses ... was irrelevant to prove the truth or falsity of the acts." *Mendiola v. State,* 995 S.W.2d 175, 184 (Tex.App.—San Antonio 1999) *rev'd,* 21 S.W.3d 282 (Tex.Crim.App.2000). Therefore, we held the trial court's failure to admit the evidence was not an abuse of discretion. *Id.*

In reviewing our decision, the Court of Criminal Appeals noted that, under Article 37.07 § 3(a), any matter the trial court deems relevant to sentencing is admissible. *Mendiola,* 21 S.W.3d at 284. The issue, however, is the meaning of the word "relevant" at the punishment stage. *Id.* The court discussed the recent opinion of *Rogers v. State* in which it drew a distinction between the meaning of the term "relevant" in the punishment phase and the guilt/innocence phase. Although Rule 401 is "helpful" in determining relevance, it is not a "perfect fit" in the sentencing context. *Id.* Citing *Miller–El v. State,* 782

S.W.2d 892 (Tex.Crim.App.1990) the court noted that the admissibility of evidence during punishment is a function of policy rather than relevancy. *Mendiola,* 21 S.W.3d at 285. Thus, in *Rogers,* the court concluded that determining relevance, is a question of what is "helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Rogers,* 991 S.W.2d at 265.

In *Rogers,* the defendant contended the trial court erred in admitting the length of the sentences in his three prior convictions. *Id.* The court cited the policy objectives listed in the Penal Code, emphasizing the need for punishment to prevent the "likely recurrence of criminal behavior." *Id.* The court found that, in this instance, the sentence lengths were helpful to the jury in tailoring the sentence to the individual defendant. *Id.* at 265–66. The defendant had been convicted of robbery on three prior occasions and had been sentenced to fifteen years, fifteen years, and seventy-five years, respectively. The offense at issue was committed after defendant had escaped from jail. The evidence was informative to the jury because "[a] logical and permissible inference from the evidence is that the 75–year sentence was not severe enough to prevent the appellant from committing robberies or other violent crimes." *Id.* at 266.

■ We now turn to whether, under *Rogers,* the trial court abused its discretion in excluding testimony regarding the D.A.'s dismissal of the indictment against Mendiola in the incident involving A.M. In doing so, we keep in mind the specific policy reasons Mendiola urges "such as admitting the truth in sentencing, giving complete information for the jury to tailor an appropriate sentence for appellant, and the policy of optional completeness." *See Mendiola,* 21 S.W.3d at 285.

Mendiola argues that in order to satisfy the truth in sentencing policy, he should have been able to provide the truth to the jury regarding the filing and dismissal of the indictment. The truth, according to Mendiola is "that the prosecutors who were relying so heavily on the alleged assault of [A.M.] to send Rudolph Mendiola to prison had previously passed on the opportunity to prosecute that very case." Likewise, Mendiola contends that admission of the evidence would serve the policy of informing the jury so they could tailor an appropriate sentence.

In considering whether these policies would truly be served by admitting the testimony, we must, in light of *Rogers,* decide whether the evidence would help the jury to determine an appropriate sentence. What truth would this evidence show and how would it help the jury in sentencing Mendiola?

The evidence would simply show that the D.A. indicted Mendiola and then dismissed the indictment. The evidence would not show the jury, however, why the D.A. dismissed the indictment.

The case of *Smith v. State* is instructive on this issue. In *Smith v. State,* the defendant argued the State's offer of life imprisonment in return for a guilty plea should be admissible as mitigating evidence during the punishment phase of the capital murder trial. *Smith v. State,* 898 S.W.2d 838, 842 (Tex.Crim.App.1995). The Texas Court of Criminal Appeals stated while the plea offer might be minimally relevant to the State's belief the defendant was not a future danger, such evidence is substantially outweighed by the danger of both unfair prejudice and misleading the jury. Tex.R.Crim. Evid. 403; *Id.* The court found numerous reasons might induce the State to offer a plea of capital life to a capital defendant, including the availability

of county resources, the quality of evidence or witnesses, internal policies within a district attorney's office, or a desire to prevent a victim's family from suffering the trauma of a capital trial. *Id.* at 844.

The same is true in this case. There are numerous reasons why a prosecutor might dismiss an indictment. For instance, in *Metzger v. Houston Police Dept.,* 846 S.W.2d 383 (Tex.App.—Houston [14th Dist.] 1992, writ denied), the prosecutor dismissed an indictment against an alleged sex offender when the trial court ruled the three-year old child complainant was incompetent to testify. The prosecutor testified, however, that she still believed there was probable cause to believe the accused committed the offense. *Id.* at 384. *See also Ex parte Cathcart,* 982 S.W.2d 540, 541 (Tex.App.—San Antonio 1998), *rev'd on other grounds,* 13 S.W.3d 414 (Tex. Crim.App.2000) (discussing that the State dismissed the misdemeanor DWI case with the intention of refiling as intoxication assault); *Kendall v. State,* 997 S.W.2d 630, 631 (Tex.App.—Dallas 1998, pet. denied) (noting that the State dismissed indictment after the trial court granted the defendant's motion to suppress); *Texas Dept. of Public Safety v. Mendoza,* 952 S.W.2d 560, 562 (Tex.App.—San Antonio 1997, no writ) (discussing that the State dismissed the indictment because of the inability to locate the victim and witnesses); *Harris County Dist. Attorney's Office v. M.G.G.,* 866 S.W.2d 796, 797 n. 1 (Tex.App.—Houston [14th Dist.] 1993, no writ) (recognizing that in Harris County, the preprinted motion to dismiss lists eleven possible reasons to dismiss a criminal action for the D.A. to choose from and check off); 7 MICHAEL J. MCCORMICK ET AL., TEXAS PRACTICE: CRIMINAL FORMS AND TRIAL MANUAL § 61.06 (1995) (providing a dismissal motion form for the State to check off reasons for dismissal).[1]

---

1. The reasons listed on the form are:　　　　The evidence is insufficient;

Without knowing the reasons for the dismissal of the indictment in this case, the jury would be left to speculate. Mendiola no doubt would argue to the jury that the State would only have dismissed the indictment if it believed Mendiola was not guilty. This argument may or may not have any basis in truth. But Mendiola's purpose for introducing the evidence is clear. As Mendiola's brief states, "[p]roof that the district attorney's office had previously dismissed the indictment which was founded on the very allegations [A.M.] was making would have considerably diminished the impact of her testimony." Mendiola wanted to introduce the dismissal as the State's obvious statement that the acts A.M. testified to were untrue. Just the fact that the State had dismissed the indictment would not satisfy the policy of truth in sentencing nor would it provide complete information to the jury for it to be able to tailor an appropriate sentence. If anything, it could mislead and confuse the jury. Under the circumstances, the trial court did not err in refusing to admit the dismissal of the indictment.

▪▪▪ The third policy Mendiola urges is optional completeness. On remand, Mendiola argues that Rule 107 of the Texas Rules of Criminal Evidence (now Rule 107 of the Texas Rules of Evidence) which permits the introduction of other types of evidence to clarify the opponent's evidence applies to this case. *See Foster v. State,* 779 S.W.2d 845, 855–58 (Tex.Crim.App. 1989). Rule 107 of the Rules of Evidence provides;

> When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given.

TEX.R. EVID. 107. The purpose of the rule is to correct any potentially misleading impression created when only a portion of evidence is introduced. *See Roman v. State,* 503 S.W.2d 252, 253 (Tex.Crim.App. 1974).

On remand, Mendiola notes there are two threshold requirements for Rule 107. HULEN D. WENDORF ET AL., TEXAS RULES OF EVIDENCE MANUAL I–86 (5th ed.2000). First, the proponent must have actually introduced a portion of the evidence. *Id.* (citing to *Washington v. State,* 856 S.W.2d 184, 186 (Tex.Crim.App.1993)). Second, the opponent must show the remainder being offered under Rule 107 is on the same subject or necessary to fully understand or explain the topic. *Id.* (citing to *Grunsfeld v. State,* 813 S.W.2d 158, 162–64 (Tex.App.—Dallas 1991), *aff'd,* 843 S.W.2d 521 (Tex.Crim.App.1992)).

In the present case, the State presented A.M.'s testimony as to the sexual abuse without any reference to Mendiola's subsequent indictment. Mendiola then introduced his daughter's testimony refuting the child's accusations. Had the State introduced evidence that Mendiola was indicted for the alleged sexual abuse of A.M., then Mendiola would, under the policy of optional completeness, have been entitled to introduce evidence that the D.A. dis-

The defendant was convicted in another case;
The complaining witness has requested dismissal;
The case has been refiled;

The defendant is unapprehended;
The defendant is deceased;
The defendant has been granted immunity in light of his testimony;
Other.

missed the indictment. The fact that the indictment was dismissed would correct a potentially misleading impression. But it was Mendiola himself who attempted to introduce any evidence pertaining to the indictment. Thus, the rule of optional completeness does not apply. Given the fact that the State only introduced A.M.'s testimony that the sexual assault occurred, the indictment and subsequent dismissal was not necessary to correct a misleading impression.

It is within the zone of reasonable disagreement that the excluded evidence would have confused and misled the jury. Considering Article 37.07 § 3(a), the authority it grants the trial court, the policies urged by Mendiola and in light of *Rogers*, we find the trial court did not abuse its discretion in refusing appellant's request to admit the indictment and subsequent dismissal.

### HARM ANALYSIS

■ Even if we were to find that the trial court abused its discretion in excluding evidence regarding the State's dismissal of the indictment, any error was harmless. *See Sunbury v. State*, 33 S.W.3d 436, 442 (Tex.App.—Houston [1st Dist.] 2000, pet. granted) (stating where the trial court abused its discretion in excluding evidence "relevant to sentencing" under Article 37.07 § 3(a), the appellate court must conduct a harm analysis). At the punishment phase, the jury had before it the testimony of H.A., the complainant in the case herein. Additionally, the State offered the testimony of A.M. and J.P., both of whom testified they had been sexually abused on numerous occasions by Mendiola. On the other hand, the defense offered the testimony of Mendiola's daughter, Castillo. She testified she was present when A.M. and J.P. were allegedly abused and that the abuse did not occur. She also testified that Mendiola had no prior convictions and that he had fully complied with electronic monitoring while living with her for the past year.

The range of possible punishment was two to twenty years and a $10,000 fine. Mendiola requested community supervision which he could only get if the jury sentenced him to ten years or less. The jury sentenced him to twelve years.

The only evidence which Mendiola complains was erroneously excluded was the fact that, in the case of A.M., the State obtained and then dropped the indictment. The jury had before it the testimony of three young girls, each of whom testified to similar sexual abuse. The jury also had before it the fact that Mendiola had never been convicted and that his daughter, who claimed to have been present, did not witness the alleged abuse. Examining the record as a whole, we are fairly assured that error, if any, did not influence the jury. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998). Consequentially, we find that even if the trial court erred, no harm occurred. *Id.*

### CONCLUSION

After reconsidering Mendiola's argument with the benefit of the *Rogers* decision, we find the trial court did not err in excluding the indictment information. We overrule Mendiola's issue and affirm the trial court's decision.