Opinion filed September 24, 2009












   Opinion
filed September 24, 2009




 
 
 
  
 
 
 




 

 

 

 

 

 

In The

 

Eleventh Court of
Appeals

___________ 

 

No. 11-07-00329-CR

 __________

 

FRANK GUERRA DELAPAZ, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 





 

On Appeal from the
70th District Court

Ector County, Texas

Trial Court Cause No. A-33,441

 





 

O P I N I O N

The jury convicted Frank Guerra Delapaz[1]
of aggravated sexual assault of a child and indecency with a child.  The
jury assessed his punishment at confinement for life and a $10,000 fine for the
aggravated sexual assault conviction and confinement for twenty years and a $10,000
fine for the indecency with a child conviction.  Delapaz challenges his
convictions with one issue on appeal.  We
affirm.      

                                                              
Background Facts

 

Delapaz
assaulted and molested his twelve-year-old daughter N.D. during weekend
visitations.  Delapaz lived in a studio apartment with one room and one
bed.  N.D. shared this bed with him, while Delapaz=s two sons slept on the floor.  N.D.
testified that Delapaz touched her while she slept and that he penetrated her
digitally.  Delapaz also testified and admitted touching his daughter=s breasts and digitally
penetrating her.  During the punishment phase, N.D. described the impact
her father=s actions
have had on her, including three attempted suicides.  Delapaz argued that
N.D.=s
testimony opened the door to evidence that she had been previously assaulted by
another relative, and he requested leave to question her about this. The trial
court denied his request.

                                                                      
Analysis

Delapaz=s sole contention is that
the trial court erred by not allowing him to cross-examine N.D. concerning the
previous sexual assault committed against her.  He argues that the
evidence was admissible because the Texas Rape Shield Law does not apply or,
alternatively, that it was admissible pursuant to the rule of optional
completeness.

We
review a trial court=s
decision to admit or exclude evidence under an abuse of discretion standard. Oprean v. State, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006).  An
appellate court will not reverse a trial court=s
ruling unless that ruling falls outside the zone of reasonable disagreement. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  Error in
the admission of evidence is nonconstitutional error and is, therefore, subject
to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate
Procedure. Tex. R.
App. P. 44.2(b); Potier v. State, 68
S.W.3d 657, 666 (Tex.
Crim. App. 2002).  An appellant must show that the
trial court=s ruling
was in error and that the error affected his substantial rights.  Rule
44.2(b).  Substantial rights are not affected by the erroneous admission
of evidence Aif the
appellate court, after examining the record as a whole, has fair assurance that
the error did not influence the jury, or had but a slight effect.@ Motilla v. State,
78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

When
Delapaz was arrested, he was interviewed by Detective Ricky Smith.  The
interview was recorded and admitted into evidence.  Delapaz testified, and
during his cross-examination, the State asked him about this interview:

Q.       
Okay.  And then later on in that video, you -- you decided -- or -- in
that interview, you decided to say, ANo,
no, no, I touched her.@ 
You say that; is that right?

A.       
Yes.

 

Q.       
And at that time, your next statement was, AI
only touched her breasts@;
is that correct?

 

 

            A.       
Yes, sir.

 

            Q.       
Okay.  Was that true?

 

            A.       
Yes, because I didn=t
want to put her through it again before.

 

            Q.       
You didn=t want to put
her through what again?

 

            A.       
All this.

 

            Q.       
The trial process?

 

            A.       
All this.

 

            Q.       
So you were lying for her cause at that time?

 

A.       
I didn=t want to put
her through -- through it again, because she been through it before. I didn=t want --

 

When N.D. was
five or six years old, she was assaulted by another relative.  Before
redirect examination, Delapaz=s
counsel asked if he could clear up that Delapaz had never been previously
charged with touching his daughter.  The trial court allowed this, but
nothing further.

During
the punishment phase of trial, the State introduced evidence of the negative
effect Delapaz=s
assault had on N.D., including three attempted suicides, lost friends, and
weight gain.  Delapaz asked the trial court for leave to question N.D.
about the prior assault to show that she was reacting to multiple assaults, and
not just Delapaz=s
sexual assault.  The trial court denied Delapaz=s request, and a bill
of review was made.

Texas
Rules of Evidence 412 excludes all evidence in a criminal case pertaining to
the victim=s sexual
history save for five exceptions: (1) the evidence necessary to rebut or
explain scientific or medical evidence by the state; (2) the evidence of past
sexual behavior with the accused offered to show consent; (3) the evidence that
relates to motive or bias of the victim; (4) the evidence admissible under Tex. R. Evid. 609; or
(5) the evidence that is constitutionally required to be admitted. 
Tex. R. Evid. 412.  Even if the evidence falls within an
exception, the trial court must determine if its probative value outweighs the
danger of unfair prejudice.  Hood v. State, 944
S.W.2d 743, 746 (Tex. App.CAmarillo
1997, no pet.).

 

Delapaz
argues that Rule 412 does not exclude evidence of the prior assault and notes
that courts have allowed testimony that a victim previously accused someone
else of committing the charged act.  See Kesterson v.
State, 997 S.W.2d 290, 295-96 (Tex. App.CDallas
1999, no pet).   In that case, however, the evidence was
admissible because it fell within Rule 412=s
exception for constitutionally required evidence.  The Dallas court found that the evidence was
admissible under the confrontation clause.  N.D.=s prior assault does
not fit into any of the rule=s
exceptions.  The prior assault would not rebut any scientific or medical
evidence, consent was a non-issue:  it did not provide a motive or bias
for N.D., it was irrelevant under Rule 609, and no constitutional provision
requires its admission.

Delapaz
next argues that, if Rule 412 applies, then the testimony was admissible under
the rule of optional completeness.  Tex.
R. Evid. 107 permits the introduction of
previously inadmissible evidence when that evidence is necessary to fully
explain a matter that has been raised by the adverse party.  This rule is
limited to instances where a party introduces partial evidence of an act,
declaration, conversation, writing, or recorded statement.  The rule was
adopted to prevent evidence from being taken out of context and misleading the
jury.  Mendiola v. State, 61 S.W.3d 541, 545 (Tex. App.CSan Antonio 2001, no pet.).  


Rule
107 is inapplicable in this case because a prior act, conversation,
declaration, or written or recorded statement was not at issue. 
Furthermore, the State did not Aopen
the door@ because
Delapaz=s statement
that he did not want to put N.D. through this again was volunteered and was
nonresponsive to the State=s
question.  The trial court correctly let Delapaz=s attorney clarify any confusion the statement
may have had on the jury by allowing him to testify that he had never been
previously charged with assaulting his daughter, but it was not required to
allow a broader inquiry.

Moreover,
there is a certain disassociation between Delapaz=s
argument and the intent of the rule.  Delapaz=s statement that he did not want to put his
daughter through this again was made during the guilt/innocence phase of
trial.  The testimony that he wanted to introduce was offered during the
punishment phase.  That testimony would not have corrected any potentially
misleading impression created during the punishment phase but would have been
offered in direct rebuttal of N.D.=s impact testimony.  Cf.
Mendiola, 61 S.W.3d at 545 (Rule 107=s
purpose is to Acorrect
any potentially misleading impression created when only a portion of evidence
is introduced.@). 


 

The
trial court was not confronted with and, therefore, we need not address to what
extent N.D.=s
punishment phase testimony opened the door to other forms of rebuttal
testimony, such as evidence that the problems she attributed to her
father=s assault were
pre-existing conditions.  Our holding is limited to the proposition that
the trial court did not abuse its discretion by finding that Delapaz could not
ask N.D. about her prior assault.

Even
if we are in error, Delapaz has shown no harm.  He made a bill outside the
jury=s presence and
asked N.D. the following questions about her prior assault:

Q.       
Now -- and -- and you said it was all the result of this episode.  Did the
other -- did the other thing that happened to you eight or nine years ago have
any effect on you along with this right here?

 

A.       
No.

 

Q.       
You don=t have any
problems with it at this time?

 

A.       
I don=t think about it
no more.

 

Q.       
Okay.  Were you thinking about it when you took these pills and cut
yourself and took the pills again?

 

A.       
No.

 

Q.       
Just thinking about this instance?

 

A.       
Yes.

 

This would not
have rebutted N.D.=s
punishment phase testimony.  Delapaz=s
issue is overruled.

                                                                    
Conclusion

The
judgment of the trial court is
affirmed.                                                                                                        


 

RICK STRANGE

JUSTICE

September 24,
2009

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  
Wright, C.J., 

McCall, J., and
Strange, J. 














[1]We note that appellant=s
last name is spelled in the indictment and judgment as ADelapaz.@  However,
appellant has signed his last name throughout other places in the clerk=s record as ADe
La Paz.@