**Opinion filed September 24, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00329-CR
_____

## FRANK GUERRA DELAPAZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-33,441**

### O P I N I O N

The jury convicted Frank Guerra Delapaz[1] of aggravated sexual assault of a child and indecency with a child. The jury assessed his punishment at confinement for life and a $10,000 fine for the aggravated sexual assault conviction and confinement for twenty years and a $10,000 fine for the indecency with a child conviction. Delapaz challenges his convictions with one issue on appeal. We affirm.

*Background Facts*

Delapaz assaulted and molested his twelve-year-old daughter N.D. during weekend visitations. Delapaz lived in a studio apartment with one room and one bed. N.D. shared this bed with him, while

---

[1]We note that appellant's last name is spelled in the indictment and judgment as "Delapaz." However, appellant has signed his last name throughout other places in the clerk's record as "De La Paz."

Delapaz's two sons slept on the floor. N.D. testified that Delapaz touched her while she slept and that he penetrated her digitally. Delapaz also testified and admitted touching his daughter's breasts and digitally penetrating her. During the punishment phase, N.D. described the impact her father's actions have had on her, including three attempted suicides. Delapaz argued that N.D.'s testimony opened the door to evidence that she had been previously assaulted by another relative, and he requested leave to question her about this. The trial court denied his request.

Analysis

Delapaz's sole contention is that the trial court erred by not allowing him to cross-examine N.D. concerning the previous sexual assault committed against her. He argues that the evidence was admissible because the Texas Rape Shield Law does not apply or, alternatively, that it was admissible pursuant to the rule of optional completeness.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). Error in the admission of evidence is nonconstitutional error and is, therefore, subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002). An appellant must show that the trial court's ruling was in error and that the error affected his substantial rights. Rule 44.2(b). Substantial rights are not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

When Delapaz was arrested, he was interviewed by Detective Ricky Smith. The interview was recorded and admitted into evidence. Delapaz testified, and during his cross-examination, the State asked him about this interview:

Q. Okay. And then later on in that video, you -- you decided -- or -- in that interview, you decided to say, "No, no, no, I touched her." You say that; is that right?

A. Yes.

Q. And at that time, your next statement was, "I only touched her breasts"; is that correct?

A.      Yes, sir.

Q.      Okay.  Was that true?

A.      Yes, because I didn't want to put her through it again before.

Q.      You didn't want to put her through what again?

A.      All this.

Q.      The trial process?

A.      All this.

Q.      So you were lying for her cause at that time?

A.      I didn't want to put her through -- through it again, because she been through it before. I didn't want --

When N.D. was five or six years old, she was assaulted by another relative.  Before redirect examination, Delapaz's counsel asked if he could clear up that Delapaz had never been previously charged with touching his daughter.  The trial court allowed this, but nothing further.

During the punishment phase of trial, the State introduced evidence of the negative effect Delapaz's assault had on N.D., including three attempted suicides, lost friends, and weight gain. Delapaz asked the trial court for leave to question N.D. about the prior assault to show that she was reacting to multiple assaults, and not just Delapaz's sexual assault.  The trial court denied Delapaz's request, and a bill of review was made.

Texas Rules of Evidence 412 excludes all evidence in a criminal case pertaining to the victim's sexual history save for five exceptions: (1) the evidence necessary to rebut or explain scientific or medical evidence by the state; (2) the evidence of past sexual behavior with the accused offered to show consent; (3) the evidence that relates to motive or bias of the victim; (4) the evidence admissible under TEX. R. EVID. 609; or (5) the evidence that is constitutionally required to be admitted.  TEX. R. EVID. 412.  Even if the evidence falls within an exception, the trial court must determine if its probative value outweighs the danger of unfair prejudice.  *Hood v. State*, 944 S.W.2d 743, 746 (Tex. App.—Amarillo 1997, no pet.).

Delapaz argues that Rule 412 does not exclude evidence of the prior assault and notes that courts have allowed testimony that a victim previously accused someone else of committing the charged act. *See Kesterson v. State*, 997 S.W.2d 290, 295-96 (Tex. App.—Dallas 1999, no pet). In that case, however, the evidence was admissible because it fell within Rule 412's exception for constitutionally required evidence. The Dallas court found that the evidence was admissible under the confrontation clause. N.D.'s prior assault does not fit into any of the rule's exceptions. The prior assault would not rebut any scientific or medical evidence, consent was a non-issue: it did not provide a motive or bias for N.D., it was irrelevant under Rule 609, and no constitutional provision requires its admission.

Delapaz next argues that, if Rule 412 applies, then the testimony was admissible under the rule of optional completeness. TEX. R. EVID. 107 permits the introduction of previously inadmissible evidence when that evidence is necessary to fully explain a matter that has been raised by the adverse party. This rule is limited to instances where a party introduces partial evidence of an act, declaration, conversation, writing, or recorded statement. The rule was adopted to prevent evidence from being taken out of context and misleading the jury. *Mendiola v. State*, 61 S.W.3d 541, 545 (Tex. App.—San Antonio 2001, no pet.).

Rule 107 is inapplicable in this case because a prior act, conversation, declaration, or written or recorded statement was not at issue. Furthermore, the State did not "open the door" because Delapaz's statement that he did not want to put N.D. through this again was volunteered and was nonresponsive to the State's question. The trial court correctly let Delapaz's attorney clarify any confusion the statement may have had on the jury by allowing him to testify that he had never been previously charged with assaulting his daughter, but it was not required to allow a broader inquiry.

Moreover, there is a certain disassociation between Delapaz's argument and the intent of the rule. Delapaz's statement that he did not want to put his daughter through this again was made during the guilt/innocence phase of trial. The testimony that he wanted to introduce was offered during the punishment phase. That testimony would not have corrected any potentially misleading impression created during the punishment phase but would have been offered in direct rebuttal of N.D.'s impact testimony. *Cf. Mendiola*, 61 S.W.3d at 545 (Rule 107's purpose is to "correct any potentially misleading impression created when only a portion of evidence is introduced.").

The trial court was not confronted with and, therefore, we need not address to what extent N.D.'s punishment phase testimony opened the door to other forms of rebuttal testimony, such as evidence that the *problems* she attributed to her father's assault were pre-existing conditions. Our holding is limited to the proposition that the trial court did not abuse its discretion by finding that Delapaz could not ask N.D. about her prior assault.

Even if we are in error, Delapaz has shown no harm. He made a bill outside the jury's presence and asked N.D. the following questions about her prior assault:

Q.      Now -- and -- and you said it was all the result of this episode. Did the other -- did the other thing that happened to you eight or nine years ago have any effect on you along with this right here?

A.      No.

Q.      You don't have any problems with it at this time?

A.      I don't think about it no more.

Q.      Okay. Were you thinking about it when you took these pills and cut yourself and took the pills again?

A.      No.

Q.      Just thinking about this instance?

A.      Yes.

This would not have rebutted N.D.'s punishment phase testimony. Delapaz's issue is overruled.

*Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE

September 24, 2009

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:   Wright, C.J.,
McCall, J., and Strange, J.

5