MEMORANDUM OPINION

 

No. 04-10-00387-CR

 

Erik Vasquez Trejo,

Appellant

 

v.

 

The State of Texas,

Appellee

 

From the 399th
Judicial District Court, Bexar County, Texas

Trial Court No. 2008CR5084

Honorable Juanita A.
Vasquez-Gardner, Judge Presiding

 

Opinion by:   Rebecca Simmons, Justice

 

Sitting:                     Catherine Stone, Chief Justice

                     Sandee
Bryan Marion, Justice

                     Rebecca
Simmons, Justice

                     

Delivered and
Filed:  July 6, 2011

 

AFFIRMED

 

Appellant Erik Vasquez
Trejo appeals his conviction for the murder of Freddy Carvajal.  Trejo raises
four issues: (1) the evidence was legally insufficient to support his
conviction because he conclusively established self-defense; (2) the trial
court erred by instructing the jury that Trejo’s defensive theory was nullified
if he provoked the difficulty; (3) under the rule of optional completeness, the
trial court abused its discretion in excluding his video-recorded statements to
the police; and (4) the State impermissibly commented on his invocation of his
privilege against self-incrimination during closing argument.  We affirm the
trial court’s judgment. 

Background

           During the early morning hours of May
24, 2007, Trejo shot Eddie Carvajal twice in the back of the head from the
backseat of Trejo’s white Cadillac.  Earlier in the evening, Carvajal and his
girlfriend, Melinda Autobee, were driving in Autobee’s Mustang between
Floresville and San Antonio trying to find methamphetamine for Carvajal’s
cousin Jesse, who had given Carvajal $1,500 to buy the drugs.  Carvajal gave
the money to another connection, Henry Cadena, who gave the money to Trejo to
make the purchase.  Trejo and his purported drug connection, Angelo Gaona,
conspired to steal the $1,500 and not deliver any drugs.  

           Later in the evening, Carvajal,
Autobee, and Cadena met up with Trejo and Trejo’s friend Chris McDonald at a
car wash in San Antonio.  Carvajal got out of Autobee’s Mustang, approached
Trejo, and told him that he (Carvajal) would need Trejo to either give him his
Cadillac or accompany him back to Jesse to explain what had happened to the
money.  Carvajal volunteered to drive Trejo in his Cadillac to go see Jesse. 
Trejo and McDonald got in the backseat of the Cadillac, and Autobee and Cadena
followed in the Mustang.  After a few minutes of driving on the highway,
Carvajal exited, departing from the route to Jesse’s house in Floresville.  

The two cars stopped on a
nearby road.  Autobee got out of the Mustang and walked toward the Cadillac. 
McDonald got out of the backseat of the Cadillac and took off running.  As
Autobee approached the driver’s side of the Cadillac, Carvajal peeled out
backward and sped away.  Because the Mustang was almost out of gas, Autobee and
Cadena stopped at a nearby gas station.  While getting gas, Autobee received a
call from Carvajal.  Autobee heard Carvajal say, “Melinda, I love you,” and a
scuffling sound before the phone went silent.  Autobee called back, but
Carvajal’s phone went directly to voicemail.  

The next morning, another
motorist found Carvajal’s body in the middle of a street in San Antonio.  Trejo
was indicted for the murder of Carvajal and, after a jury trial, was
convicted.  He appeals his conviction.  

Legal Sufficiency

            Trejo
raised self-defense at trial.  “A jury verdict of guilty is an
implicit finding rejecting the defendant’s self-defense theory.”  Saxton v.
State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  Because the jury in
this case rendered a guilty verdict, it implicitly rejected Trejo’s
self-defense theory.  See id.  Trejo
argues that the evidence at trial was legally insufficient to support this
implicit finding because he conclusively established that he killed Carvajal in
self-defense.  

A. 
Standard of Review

In resolving a legal sufficiency challenge to a
jury’s implicit rejection of a defendant’s claim of self-defense, we must determine
whether “any rational trier of fact would have found the essential elements of
murder beyond a reasonable doubt and also would have found against appellant on
the self-defense issue beyond a reasonable doubt.”  Id.; see also Miranda
v. State, No. 04-10-00015-CR, 2011 WL 1496539, at *5 (Tex. App.—San Antonio
Apr. 20, 2011, no pet. h.).  We “view[] all the evidence in the light most
favorable to the prosecution.”  Saxton, 804 S.W.2d at 914; see also
Miranda, 2011 WL 1496539, at *5.  “Defensive evidence which is merely
consistent with the physical evidence at the scene of the alleged offense will
not render the State’s evidence insufficient since the credibility
determination of such evidence is solely within the jury’s province and the
jury is free to accept or reject the defensive evidence.”  Saxton, 804
S.W.2d at 914; see also Miranda, 2011 WL 1496539, at *5.

B.  Self-Defense

Under the law applicable
to this case,[1]
a person is justified in using deadly force in self-defense if: (1) a
reasonable person in his situation would not retreat; and (2) he reasonably
believes the deadly force is immediately necessary to protect himself against
the other’s use or attempted use of unlawful deadly force or to prevent the
other’s imminent commission of aggravated kidnapping or robbery.  See Tex. Penal Code Ann. §§ 9.31(a),
9.32(a) (West 2003); Vasquez v. State, 2 S.W.3d 355, 358 (Tex. App.—San
Antonio 1999, pet. ref’d).  Trejo did not testify at trial to any of the events
that occurred after McDonald jumped out of the Cadillac.  He claims that the
evidence of the events leading up to Carvajal’s speeding away with him in the
backseat conclusively establishes both the reasonable belief that deadly force
was immediately necessary and that his failure to retreat was reasonable.  

We disagree.  Autobee
testified that at various points throughout the night, Carvajal did not have or
obtain a gun.  She also testified that Carvajal did not use any force or
threaten Trejo when asking for his Cadillac or his company.  Similarly, there
is no evidence that Trejo disavowed his responsibility for losing the $1,500 or
objected when Carvajal asked Trejo for his Cadillac or for Trejo to go explain
to Jesse what had happened.  Moreover, Gaona testified that he and Trejo
conspired to make off with the drug money.  Although Trejo asserts that Autobee
testified that there was no time for Trejo to get out of the Cadillac, Autobee
never testified to this.  Rather, she testified that McDonald was able to get
out of the driver’s side of the backseat and take off running before she
approached the Cadillac and that, when she approached the driver’s side of the
Cadillac and Carvajal peeled out, Trejo was still sitting in the passenger’s
side of the backseat.  

A rational jury could
have found beyond a reasonable doubt from this evidence, viewed in the light
most favorable to the prosecution, that it would have been reasonable for Trejo
to get out of the Cadillac.  A rational jury also could have found that Trejo
did not reasonably believe that shooting Carvajal was immediately necessary to
prevent his robbery or kidnapping.  See Tex. Penal Code Ann. §§ 9.31(a), 9.32(a); Saxton, 804
S.W.2d at 914.  We therefore overrule Trejo’s legal sufficiency challenge.

Jury Instruction

Trejo argues that the trial court improperly
submitted a jury instruction, over his objection, regarding his provocation of
Carvajal because there was no evidence to support the instruction.  He argues
that, as a result, the trial court “stripped him of his defense.”  

A. 
Standard of Review

           A
trial court should give an instruction on provoking the difficulty only if “a
rational jury could find every element of provocation beyond a
reasonable doubt.”  Smith v. State, 965 S.W.2d 509, 514 (Tex. Crim. App.
1998).  In viewing the evidence in the light most favorable to the trial
court’s decision to include the instruction, we must determine whether “there
was sufficient evidence from which a rational jury could have found provocation
beyond a reasonable doubt.”  Id.  

B.  Provoking the Difficulty

A defendant’s use of
force in self-defense is not justified if the defendant provoked the victim’s
use of unlawful force.  See Tex.
Penal Code Ann. § 9.31(b)(4) (West 2003).  A provocation instruction is
necessary if a rational jury could find beyond a reasonable doubt that: (1) the
defendant’s acts provoked the attack on him; (2) the acts were reasonably
calculated to provoke the attack; and (3) the defendant acted with the purpose
and intent that the victim’s response attack give him “a pretext for inflicting
harm upon the other.”  See Smith, 965 S.W.2d at 513.  Each element is a
fact question and may be established by circumstantial evidence.  Id. at
513–19.  

Trejo contends that he
shot Carvajal in response to Carvajal’s alleged attempted robbery or
kidnapping.  Autobee testified at trial, and Trejo does not dispute, that
Trejo’s loss or theft of the $1,500 caused Carvajal to ask for Trejo’s Cadillac
or for Trejo to accompany him to see Jesse.  Gaona testified that he and Trejo
conspired to steal the drug money and faked Gaona’s robbery to convince
Carvajal that Trejo no longer had the money.  Ernest Martinez, a man whom Trejo
had called after he shot Carvajal, testified that Trejo told him that he
(Trejo) had shot Carvajal and that “it felt good” to kill him.  

From this evidence, a
rational jury could have found beyond a reasonable doubt that Trejo’s theft of
the drug money and telling Carvajal that the drug money had been stolen was
reasonably likely to cause and did cause Carvajal to have Trejo accompany him
to see Jesse, and that Trejo consented to accompanying Carvajal to have a
pretext for harming him to further his attempt to steal the drug money.  Thus, the
trial court properly included the provocation instruction, and we accordingly
overrule this issue.  See id.   

Videos of Trejo’s Police
Statements 

           Trejo
also contends that the trial court erred in excluding video recordings of his
police statement.  He argues that although the videos contained hearsay, they
were admissible under the rule of optional completeness.  

A. 
Standard of Review

           We
review a trial court’s ruling excluding evidence for an abuse of discretion.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex.
Crim. App. 2000).  A trial court abuses its discretion when its ruling lies
outside the zone of reasonable disagreement.  Cameron v. State, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007).   

B.  Rule of
Optional Completeness

           If
a party introduces part of a recorded statement into evidence, then “the
whole on the same subject may be inquired into by the other, and any other act,
declaration, writing or recorded statement which is necessary to make it fully
understood or to explain the same may also be given in evidence.”  Tex. R. Evid. 107.  This rule sets
forth two requirements: (1) some part of the evidence sought to be admitted in
whole must be actually admitted by the opposing party; and (2) the proponent of
the evidence must show that the remainder of the evidence offered is necessary
to fully understand or explain the matter.  Mendiola v. State, 61 S.W.3d
541, 545 (Tex. App.—San Antonio 2001, no pet.) (citing Washington v. State,
856 S.W.2d 184, 186 (Tex. Crim. App. 1993)); Araiza v. State, 929 S.W.2d
552, 556 (Tex. App.—San Antonio 1996, pet. ref’d).  

           Trejo argues that the trial court
should have admitted the videos because Detective Manuel Nunoz, who interviewed
Trejo twice about the events leading up to Carvajal’s death, testified that
Trejo was nervous and evasive during the first interview but not during the
second interview.  However, the State did not admit any part of either
video-recorded statement, and Detective Nunoz did not testify to any particular
statements that Trejo made during either interview.  Moreover, Detective
Nunoz’s testimony as to Trejo’s mannerisms during each interview was elicited
by counsel for Trejo during cross-examination; it was not elicited by the
State.  Thus, the rule of optional completeness was not invoked.  See Araiza,
929 S.W.2d at 556 (explaining that a mere reference to a document does not
invoke the rule of optional completeness).  Because the trial court’s ruling
excluding the video recordings was not an abuse of discretion, we overrule this
issue. 

Motion for Mistrial

           Finally,
Trejo contends that the State impermissibly commented on his privilege
against self-incrimination during closing argument.  Specifically, Trejo
complains of the following statement by the prosecutor:  

The other thing to keep in mind, the
Defendant knew that he got his car back and items of evidence were removed.  He
knew where the body was.  He knew his cell phone records tied him to the body. 
He knew all these things.  Didn’t want to cooperate with the police.  What would a reasonable person do?  What did the other
witnesses do?  They all came forward.  And he made a big deal about Melinda and
Jesse not wanting to come in, hey, but they talked and they talked pretty close
to the day after the murder.  Every witness was cooperating, except one person.


 

The State counters that the prosecutor’s
statements were directed at Trejo’s pre-arrest silence, and, even if the
comments were directed at Trejo’s post-arrest silence, the error was harmless.

A. 
Standard of Review

           We
review a trial court’s denial of a motion for mistrial under an abuse of
discretion standard.  Archie v. State, 221 S.W.3d 695, 699 (Tex. Crim.
App. 2007).  We may reverse only if the trial court’s ruling is outside the
zone of reasonable disagreement.  Wead v. State, 129 S.W.3d 126, 129
(Tex. Crim. App. 2004).

B.  Comment on Trejo’s Pre-Arrest Silence

A prosecutor’s comment in
closing arguments on the defendant’s failure to testify “violates the privilege
against self-incrimination and the freedom from being compelled to testify
contained in the Fifth Amendment of the United States Constitution and Article
I, § 10, of the Texas Constitution.”  Bustamante v. State, 48 S.W.3d
761, 764 (Tex. Crim. App. 2001).  If the State improperly comments on the
defendant’s failure to testify, we analyze: (1) the severity of the misconduct;
(2) the efficacy of curative measures; and (3) the certainty of whether the
defendant would have been convicted without the misconduct.  Martinez v.
State, 276 S.W.3d 75, 79 (Tex. App.—San Antonio 2008, pet. ref’d).  Relevant
to our inquiry is whether the prosecutor intended her statements to direct the
jury’s attention to the defendant’s failure to testify.  Id. at 78–79. 
Except in the most “blatant” instances, the potential harm caused by a comment
regarding a defendant’s failure to testify ordinarily is remedied by an
instruction to disregard.  Moore v. State, 999 S.W.2d 385, 405–06 (Tex. Crim.
App. 1999).  

           During closing arguments, the State did
not directly comment on Trejo’s failure to testify.  Rather, the State
referred to Trejo’s initial unwillingness (prior to his arrest) to talk with
the police about the events on the night Trejo shot Carvajal.  When Trejo
objected to the State’s comment that Trejo initially refused to cooperate with
the investigation, the prosecutor responded that he made no direct comment on
Trejo’s refusal to testify, and that any suggestion to the contrary was
unintentional.  The trial court sustained Trejo’s objection to the prosecutor’s
argument and immediately instructed the jury to disregard the prosecutor’s
comment.  Even assuming it was improper for the State to comment on Trejo’s
pre-arrest lack of cooperation, we must determine “whether an instruction to
disregard would have cured any harm or prejudice resulting from the improper
remark.”  Martinez, 276 S.W.3d at 79; see Waldo v. State, 746
S.W.2d 750, 755 (Tex. Crim. App. 1988) (explaining that instruction to
disregard can cure harm caused by comment on pre-arrest silence).  

           The alleged misconduct in this case was
slight.  The comments were made during closing argument when the prosecutor was
providing a summation of admitted evidence.  The prosecutor was pointing out
the relative cooperation of other witnesses with the lack of assistance
afforded by Trejo who admitted to shooting Carvajal under a self-defense
theory.  Detective Nunoz testified, without any objection, that the first few
times he attempted to contact Trejo, Trejo avoided him and refused to give a
statement.  The prosecutor’s comment was brief and not repeated.  The comment
did not demonstrate any “willful or calculated effort” on the State’s behalf to
deprive Trejo of a fair and impartial trial.  Martinez, 276 S.W.3d at
79.  The prosecutor indicated that there was no intent to comment on the
failure of Trejo to testify at trial, and the trial court provided a curative
instruction.  Finally, as our previous review of the evidence indicates, it is
not likely that the verdict would have been different had the statement not
been made.  

Because the trial court’s
curative instruction would have cured any harm resulting from the prosecutor’s
statement, the trial court did not abuse its discretion in denying the motion
for mistrial.  We, therefore, overrule Trejo’s final issue.  

Conclusion

           Finding
no reversible error, we affirm the judgment of the trial court.   

Rebecca Simmons, Justice

 

DO NOT PUBLISH

 









[1]
The parties agree that the 2005 version of the Texas Penal Code, which required
the defendant to not be reasonably able to retreat, is the applicable law
governing this case.