**Affirmed and Memorandum Opinion filed January 28, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00100-CR

## ORLANDO DEWAN GODFREY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 182nd District Court
### Harris County, Texas
### Trial Court Cause No. 1343252

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Orlando Dewan Godfrey of evading arrest or detention with a motor vehicle, and the trial court assessed punishment at two years' confinement, probated for two years. Appellant challenges his conviction in two issues, contending the evidence is legally insufficient and the trial court erred by excluding evidence. We affirm.

# I.   SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is "insufficient to prove intent to evade arrest." We hold that there is sufficient evidence for a jury to find beyond a reasonable doubt that appellant intentionally fled from a person he knew was a peace officer attempting to lawfully arrest or detain him.

## A.   Standard of Review

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). (quotations omitted). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id.* "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011) (quotation omitted). "[P]roof of a culpable mental state generally relies on circumstantial evidence." *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978). Intent may be determined from a defendant's words, acts, and conduct. *Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998).

## B.   Evidence at Trial

The State and appellant each presented one witness at trial. First, Houston Metro Police Officer Robert Smith testified that he was driving in his marked patrol car south on State Highway 288 when he observed two cars—a Chevrolet

Corvette and a Chevrolet Camaro convertible with its top down—speeding and racing. Appellant was driving the Camaro.

Smith pursued the cars from a distance; he kept track of the cars by watching their taillights. Eventually, he got within fifty or seventy-five feet of the Camaro, with his car's siren and flashing lights activated. Using his car's P.A. system, Smith told the driver of the Camaro, "You better pull it over." He saw appellant look in the rearview mirror. The car in front of the Camaro pulled over, and then the Camaro sped off at a high rate of speed. Smith pursued. Without signaling, the Camaro moved to the left across three lanes of traffic at a high rate of speed, passed some more vehicles, and then changed lanes to its right. Eventually the brake lights of the Camaro came on, and it slowed down. Officer Smith pulled up behind the Camaro, and the Camaro stopped on the right shoulder.

Smith arrested appellant. At some point, Smith asked appellant why he did not stop, and appellant said it was because he did not see Smith. Appellant's girlfriend, Delta Scott, was a passenger in the Camaro. Smith testified that Scott told him she was telling appellant to stop and that she was scared. Scott testified at trial that she did not say anything to Officer Smith. She testified that the music in the Camaro was loud, and she could not hear very well. She testified that appellant pulled over as soon as they noticed the police car behind them. A video camera in Officer Smith's car recorded the incident, and a redacted version of the video was played for the jury.

## C. Sufficiency of the Evidence of Evading Arrest

Section 38.04 of the Texas Penal Code establishes the elements of the offense of evading arrest or detention: "A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting to arrest or detain him." Tex. Penal Code Ann. § 38.04(a).

The offense is a third degree felony if "the actor uses a vehicle while the actor is in flight." Tex. Penal Code Ann. § 38.04(b)(2).[1] Thus, to convict appellant of the charged offense, "the State had to prove appellant, while using a vehicle, intentionally fled from a person he knew to be a peace officer attempting lawfully to arrest or detain him." *Redwine v. State*, 305 S.W.3d 360, 362 (Tex. App.— Houston [14th Dist.] 2010, pet. ref'd). A person violates Section 38.04 "only if he knows a police officer is attempting to arrest him but nevertheless refuses to yield to a police show of authority." *Id.*

When evaluating the sufficiency of the evidence to prove an appellant's intent for evading arrest in a vehicle, the speed, distance, and duration of the pursuit may be factors to consider. *Griego v. State*, 345 S.W.3d 742, 751 & n.10 (Tex. App.—Amarillo 2011, no pet.) (collecting cases). But "no particular speed, distance, or duration is required to show the requisite intent if other evidence establishes such intent." *Id.* In *Griego*, for example, the court of appeals found the evidence insufficient when the speed of the pursuit was unremarkable; the duration was mere seconds; the route of the pursuit, given the parties' locations and the characteristics of the roads, would have made it "physically unlikely or impossible that appellant could have seen the officers turn around to pursue him"; and the defendant's conduct and statements upon exiting his car at his destination (a residence) were not necessarily consistent with guilt. *See id.* at 754.[2]

---

[1] Appellant notes that there are two irreconcilable amendments to this statute, with one designating the offense a state jail felony and the other a third degree felony. Appellant concedes that the third degree felony amendment is controlling because it was enacted several days after the other amendment, citing Texas Government Code Annotated § 311.025(b).

[2] After a full review of the evidence, the court concluded,

> Evidence that the officers were directly behind appellant for one-half to one block such that he would have had a maximum of seventeen seconds in which to determine that the officers were attempting to arrest or detain him and respond appropriately is insufficient in character, weight, and amount to enable the jury to

This court also found the evidence insufficient in *Redwine*, even though the defendant admitted to turning onto a county road to avoid contact with a patrol vehicle, because there was only equivocal testimony from one of the officers about whether the patrol vehicle's lights were flashing during the pursuit. *See* 305 S.W.3d at 364, 368. Thus, there was no "show of authority" for a jury to rationally conclude that the defendant knew the officers were trying to arrest or detain him. *See id.*

On the other hand, in *Hobyl v. State*, the First Court of Appeals found the evidence legally and factually sufficient to support a conviction for evading arrest in a vehicle. 152 S.W.3d 624, 627–28 (Tex. App.—Houston [1st Dist.] 2004), *pet. dism'd*, 193 S.W.3d 903 (2006). The arresting officer testified that he was pacing Hobyl, who was on a motorcycle traveling at about seventy-five miles per hour in the left lane of Highway 61. *Id.* at 625. At about the same time the officer turned on his emergency lights and siren, Hobyl increased his speed to 110 miles per hour. *Id.* at 626. The officer testified that Hobyl looked in his side mirrors during the pursuit, which lasted about three miles. *Id.* at 625. Then, the officer pulled up next to Hobyl in an adjacent lane and motioned for Hobyl to stop. *Id.* at 626. Soon thereafter, Hobyl stopped on the right-hand shoulder. *Id.* Hobyl testified that he could not see the patrol vehicle because he was in a crouched position, and he could not hear the siren due to noise from his motorcycle, the wind, and flapping from his rain suit. *Id.*

This case is most similar to *Hobyl*. Officer Smith activated the flashing lights of his patrol vehicle, blasted the siren, and instructed appellant to "pull over"

conclude beyond a reasonable doubt that appellant knew the officers were attempting to arrest or detain him.

*Griego*, 345 S.W.3d at 754.

through the P.A. system while Smith was within fifty feet of appellant's top-down convertible. Smith testified that appellant looked in the rearview mirror, so appellant would have known that Smith was attempting to pull him over. In response to Smith's shows of authority, however, appellant sped away and traversed multiple lanes of traffic without signaling. Although appellant indeed pulled over within a minute of this encounter, the duration factor is not dispositive and certainly not as favorable as it was in *Griego*. Further, we note that the jury could have disbelieved appellant's self-serving statement that he did not see Smith, as well as his girlfriend's similar testimony. *See, e.g.*, *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) ("As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties."). The totality of the circumstantial evidence would have enabled a rational jury to find beyond a reasonable doubt that appellant intentionally fled from a person he knew to be a police officer attempting lawfully to arrest him.

Accordingly, the evidence is sufficient to sustain appellant's conviction. Appellant's first issue is overruled.

## II.    EXCLUSION OF EVIDENCE

In his second issue, appellant contends the trial court erred by excluding evidence consisting of a portion of Smith's video and audio recording that the State redacted. Appellant contends that the evidence was admissible under the rule of optional completeness or Rule 107 of the Texas Rules of Evidence. We hold that the trial court did not abuse its discretion in concluding that Rule 107 did not require admission.

6

## A.    Excluded Evidence

Appellant does not identify what the redacted portion of the video actually shows, nor does he quote or paraphrase what Smith or appellant say during the video.  However, the unredacted video was admitted for record purposes, and we have reviewed it.  The excluded portion of the video is about five minutes long and is mostly silence or undecipherable.  Smith appears to be talking with a fellow officer about unrelated or tangential matters.  While driving, Smith tells appellant that Smith will not be putting a seizure on appellant's vehicle.  Then, Smith says, "Since you don't have a criminal record, I don't see this sticking on you as a felony.  It'll get downgraded, but that's between you and the courts, okay?  But man, whenever you see lights, you got to stop."  Appellant cannot be heard making any statements.

## B.    Standard of Review and the Rule of Optional Completeness

A trial court's decision to exclude evidence is reviewed for an abuse of discretion.  *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008).  A trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement.  *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).

Rule 107 of the Texas Rules of Evidence is a rule of admissibility that "permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter 'opened up' by the adverse party." *Id.* at 218.[3]  Its purpose is to "reduce the possibility of the jury receiving a false

---

[3] The Rule provides:

When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be

impression from hearing only part of some act, conversation, or writing." *Id.* However, "Rule 107 does not permit the introduction of other similar, but inadmissible, evidence unless it is necessary to explain properly admitted evidence." *Id.*

## C. Analysis

Appellant argues that he desired to admit the unredacted video to rebut a false impression, but it is not clear from the briefing on appeal or argument at trial what false impression he sought to rebut. He argues on appeal, however, that the excluded evidence "would have corrected the false impression by showing the jury that Appellant denied that he saw Smith and that Smith thought the case might not lead to a conviction." We disagree with this assessment of the video and defer to the trial court's ruling.

First, at no point during the excluded video can appellant be heard to say anything, let alone that appellant denied seeing Smith. So the video would not have rebutted a false impression by showing that appellant denied seeing Smith. Further, there was actually no false impression on this issue because Smith testified, "When he was in the backseat, I asked him why he didn't stop and his statement was that he didn't see me." Thus, Smith admitted unequivocally that appellant denied seeing Smith.

Second, at no point during the excluded video did Smith say the case might not lead to a conviction. Smith said he did not think the charge would be "sticking on you *as a felony*." He expressed his view that the case would be "downgraded,"

---

given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given. "Writing or recorded statement" includes depositions.

Tex. R. Evid. 107.

not that appellant would be acquitted. Further, to the extent any false impression was created regarding Smith's belief about appellant being convicted, trial counsel initiated the dialogue during cross-examination.[4] Rule 107 only requires the admission of evidence to correct a false impression created by an ***adverse*** party— here, the State. *See Walters*, 247 S.W.3d at 218; *see also Mendiola v. State*, 61 S.W.3d 541, 545–46 (Tex. App.—San Antonio 2001, no pet.) (Rule 107 did not require admission of the fact that an indictment had been dismissed; although the State introduced evidence of an extraneous offense, it was the defendant who attempted to introduce the fact that appellant had been indicted; dismissal of the indictment would not have corrected a misleading impression of appellant's having committed the extraneous offense).

Appellant relies on the *Walters* case, but the facts of that case are not on point. *See Walters*, 247 S.W.3d at 220–21 (holding it was error to exclude the tape of a 911 call when the officers' testimony left the impression that the defendant had not given any explanation for the shooting immediately afterward, but the excluded 911 call showed that the defendant said he shot the victim in self defense). The excluded portion of the video would not have countered or helped explain any impression created by Smith's direct testimony or the unredacted portion of the video. Accordingly, the trial court did not abuse its discretion by concluding that the rule of optional completeness did not require admission of the redacted portion of the video.[5]

Appellant's second issue is overruled.

---

[4] Counsel asked, "Did you ever tell the defendant that you did not think that the evading arrest charge would stick?" Smith responded, "I don't remember that."

[5] We note that the trial court stated its reason for excluding this evidence was irrelevancy. On appeal, appellant does not challenge that ground for excluding the evidence; he makes no argument for admission other than to correct a false impression under Rule 107. Accordingly, our holding is limited to the Rule 107 issue.

### III. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Sharon McCally
           Justice

Panel consists of Justices McCally, Busby, and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).