Opinion filed May 27, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00175-CR 

                                                    __________

 

                            JAMES
LANDON ROBERTS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR19795

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted James Landon Roberts of two counts of sexual assault and
assessed his punishment at confinement for twelve years for each count – to run
concurrently.  We affirm. 

Issues

            Appellant
presents fourteen issues on appeal.  In the first three issues, he complains
that the prosecutor improperly asked “commitment” questions during voir dire. 
In the next seven issues, he contends that the trial court erred in excluding assorted
evidence.  In the eleventh and twelfth issues, he asserts that the trial court
should have granted his requests for mistrial based upon the State’s
destruction of a taped interview of the victim and upon the State’s
introduction of appellant’s use of a controlled substance in violation of a
motion in limine.  In his thirteenth issue, appellant argues that the trial
court erred in admitting at the guilt/innocence phase of trial evidence of
appellant’s prior arrests.  In his final issue, appellant asserts that the
trial court should have granted appellant’s motion for new trial based upon the
State’s outrageous conduct.

Background
Facts

Appellant
does not challenge the sufficiency of the evidence.  The record shows that
appellant and his wife, Trinity Roberts, were codefendants in this case and
were tried together for the offenses of sexual assault.  The victim in this
case was Trinity’s fourteen-year-old cousin, who had come to spend the week
with the Roberts.  Appellant was convicted of two of the five counts with which
he had been charged, and Trinity was convicted of one of two counts.  Trinity
received community supervision and has not appealed.  Appellant’s convictions
are supported by evidence showing that he committed sexual assault by causing
his sexual organ to penetrate the victim’s mouth on two separate occasions.

Voir
Dire Commitment

Appellant
argues that three different questions asked by the prosecutor constituted
improper attempts to commit the veniremembers to answer an issue a certain way
after learning a particular fact.  The first such alleged attempt occurred when
the prosecutor, in asking the potential jurors to discount preconceived notions
about defendants, stated: “[Y]ou won’t limit me to, well, married couples can’t
be Co-Defendants in a sexual assault, that just doesn’t happen?  Is everybody
here going to keep an open mind to that, not have any preconceived notions
about that?”  Before anyone responded, appellant objected that the prosecutor
was attempting to contract with the jurors, and the prosecutor responded that
he was “asking about preconceived notions and dispositions to discount based on
those preconceived notions.”  The trial court overruled appellant’s objection and
instructed the veniremembers that they had not heard the evidence and that, to
be fair jurors, they would have to keep an open mind until all the evidence had
been presented.  The trial court further explained that voir dire questions are
merely “hypothetical questions to give you what-if scenarios to get a sense of
how you might feel about things.  But you are under no obligation -- there will
be no contracts with anyone about what you’re going to do or not do other than
to follow the law and to be fair and impartial jurors in your decisions.”  The
prosecutor then continued, “Does anybody on the left side have preconceived
notions about who Defendants can be in sexual assault cases that would prevent
you from sitting fairly and impartially in this case?”

The
second alleged commitment occurred when the prosecutor asked: “[D]oes anybody
have any preconceived notions about how a victim is going to act like to the
extent that a person takes the stand and doesn’t act that way, then it is going
to cause you to have some sort of bias or prejudice because of your
preconceived notions?”  The third instance occurred when the prosecutor asked “how
many witnesses” the veniremembers would expect to hear from “about the direct
circumstances of what happened” in a sexual assault case.  The trial court
again overruled appellant’s objections.

Appellant
correctly states that an attorney cannot attempt to bind or commit prospective
jurors to a particular verdict or result based on a hypothetical set of facts. 
See Standefer v. State, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001).  The
purpose for prohibiting such questions is “to ensure that the jury will listen
to the evidence with an open mind—a mind that is impartial and without bias or
prejudice.”  Sanchez v. State, 165 S.W.3d 707, 712 (Tex. Crim. App.
2005).  To determine whether a voir dire question called for an improper
commitment, we must first determine whether the particular question was in fact
a commitment question and, if so, then determine whether it was an improper one. 
Lee v. State, 206 S.W.3d 620, 621 (Tex. Crim. App. 2006).  The questions
asked by the prosecutor in this case were not commitment questions because the
possible answers would not have indicated that the jurors would resolve or
refrain from resolving an issue in this case based upon a particular fact.  Issues
One, Two, and Three are overruled.  

Exclusion of Evidence

In
the next seven issues, appellant complains of the trial court’s exclusion of
the following evidence:  a photograph purportedly depicting a member of the
victim’s family using marihuana in the victim’s presence; photographs depicting
the victim wearing an “I Love Boobs” breast cancer awareness T-shirt at
appellant’s house, which appellant suggests was “sexually suggestive”;
testimony regarding an ongoing dispute between appellant and the victim’s
family about their use of marihuana; testimony of the victim’s mother’s drug
use; testimony indicating that a friend of the victim’s mother had recently
died from a drug overdose; evidence that the victim’s mother had been arrested
and had received deferred adjudication for possession of marihuana; and
testimony from Trinity regarding drug use by the victim’s family and an ongoing
dispute over such drug use.  Appellant argues that the proffered evidence was
“in essence, evidence of the character of the victim” and tended “to prove that
the child had a character trait of being licentious.”  Appellant asserts that
the victim’s “licentious character” should be admissible to rebut the false
impression left by the State’s evidence that the victim was not sexually
aggressive and that she was forced or lured into the conduct.  

A
trial court’s decision to admit or exclude evidence is reviewed on appeal for
an abuse of discretion.  Taylor v. State, 268 S.W.3d 571, 579 (Tex.
Crim. App. 2008); Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001).  An appellate court will not reverse a trial court’s ruling excluding
evidence unless that ruling falls outside the zone of reasonable disagreement. 
Burden, 55 S.W.3d at 615.  

Evidence
regarding the sexual history or promiscuity of a sexual assault victim is not
admissible unless (1) it is evidence of a specific instance of conduct that is
necessary to rebut or explain scientific or medical evidence offered by the
State, that occurred with the accused and relates to the issue of consent,[1]
that relates to the motive or bias of the victim, that is admissible
impeachment evidence showing a prior conviction, or that is constitutionally
required to be admitted and (2) its probative value outweighs the danger of
unfair prejudice.  Tex. R. Evid. 412;
see Delapaz v. State, 297 S.W.3d 824, 827 (Tex. App.—Eastland 2009, no
pet.).  The excluded evidence, with which appellant attempted to show the
victim’s “licentious character,” was properly excluded as it did not fall into
any of the Rule 412 exceptions.  Furthermore, the photographs of the victim
wearing an “I Love Boobs” T-shirt were excludable under either Tex. R. Evid. 402 as irrelevant or Tex. R. Evid. 403 because the probative
value of the photographs was substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury.  Moreover, based
upon our review of the record, we cannot agree with appellant’s contention that
the State left a false impression about the victim or the incident.  The victim
testified that she was not threatened or physically forced to do anything and
that she performed oral sex on appellant and Trinity without being forced or
requested to do so.  The trial court permitted testimony showing that the
victim acted in a sexually aggressive manner toward appellant and that no force
was used against the victim.

With
respect to the victim’s motive or bias, at the time Trinity was asked about the
discord caused by the victim’s family’s use of drugs, the jury had already heard
evidence that there was discord and conflict between the victim’s family and
appellant.  Trinity was allowed to testify that there was animosity between her
family and appellant because of the behavior of her family (including the
victim’s parents) and appellant’s criticism of their behavior.  The evidence
also showed that the victim was mad at appellant and Trinity and had argued
with them.  Thus, appellant was not prevented from showing that the victim and other
family members were biased and had a motive to testify against appellant.  It was
within the trial court’s discretion to deter-mine that further information
regarding the use of drugs as the behavior that was criticized was not
admissible under the Rule 403 balancing test.  Evidence indicating that the
victim’s family members used marihuana or that a friend had died of a drug
overdose was not shown to be relevant to any issue in this case, and the trial
court was within its discretion in excluding such evidence under Rule 402 or
Rule 403.  Evidence indicating that the victim’s mother had been arrested for
possession of marihuana and had been placed on deferred adjudication community
supervision was inadmissible.  Tex. R.
Evid. 608(b), 609.  The trial court did not abuse its discretion in
excluding the proffered evidence.  Issues Four, Five, Six, Seven, Eight, Nine,
and Ten are overruled.  

Destruction
of Recorded Interview

            In
his eleventh issue, appellant contends that the trial court erred in denying a
motion for mistrial based upon a detective’s intentional destruction of a
recording of her initial interview with the victim.  Detective Lana Guthrie
testified that she had recorded an interview with the victim and used the
recording to make her notes, that she does not keep a copy of such recordings,
and that she had destroyed the recording prior to any charges being filed. 
Appellant requested a mistrial, and the trial court ultimately denied appellant’s
motion for mistrial.

In
addressing whether the pretrial destruction of evidence constitutes a denial of
due process of law, the Supreme Court has drawn a distinction between “material,
exculpatory evidence” and “potentially useful evidence.”  Arizona v.
Youngblood, 488 U.S. 51, 57, 58 (1988).  A due process violation occurs
when the State suppresses or fails to disclose material, exculpatory evidence,
regardless of whether the State acted in bad faith.  Id.  However, when the
State has destroyed potentially useful evidence, as opposed to material
exculpatory evidence, the defendant must show that the State acted in bad faith
in destroying the evidence.  Id.; Ex parte Napper, 322 S.W.3d
202, 229 (Tex. Crim. App. 2010); McGee v. State, 210 S.W.3d 702, 704
(Tex. App.—Eastland 2006, no pet.).  The presence or absence of bad faith for
purposes of due process turns on the State’s knowledge of the exculpatory value
of the evidence at the time it was lost or destroyed.  Youngblood, 488
U.S. at 56 n.*; California v. Trombetta, 467 U.S. 479 (1984); Napper,
322 S.W.3d at 230-34.

Appellant
has not shown that the recording was destroyed in bad faith.  The evidence did
not show that the recording would have been exculpatory in any way or that Detective
Guthrie had an improper motive in destroying it, such as animus toward
appellant or a conscious effort to suppress evidence.  See Napper, 322
S.W.3d at 231-34.  Appellant’s eleventh issue is overruled. 

State’s
Violation of Motion in Limine

            In
the twelfth issue, appellant asserts that the trial court erred in denying the
motion for mistrial that appellant made after the State introduced, in
violation of a motion in limine, evidence that appellant used a controlled
substance.  The victim testified that appellant took “codeine -- or his
medicine with alcohol” and that Trinity smoked marihuana.  Appellant
immediately objected.  The trial court sustained appellant’s objection,
sanctioned the prosecutor, denied appellant’s motion for mistrial, and instructed
the jury to disregard.  A prompt instruction to disregard ordinarily cures
error caused by an improper question and answer regarding an extraneous
offense.  Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000).

            Under
the facts in this sexual assault case, the trial court could have reasonably
concluded that the victim’s testimony regarding appellant taking codeine was
not so inflammatory as to be incurable by an instruction to disregard.  Thus,
the trial court did not abuse its discretion in overruling appellant’s motion
for mistrial.  Appellant’s twelfth issue is overruled.

Evidence
of Appellant’s Prior Arrests

            In
the next issue, appellant contends that the trial court erred in admitting
evidence of his prior arrests.  After determining that appellant opened the
door on that topic and created a false impression, the trial court permitted
the State to cross-examine appellant regarding his seven prior arrests. 
Appellant had only one prior conviction, which was for the misdemeanor offense
of driving while intoxicated.  Generally, evidence of such extraneous offenses
or bad acts is not admissible.  Tex. R.
Evid. 404(b), 608, 609.  However, when the accused testifies and, by his
direct testimony or gratuitously on cross, leaves a false impression of his
lack of involvement with the police, the trial court may permit the State to
correct the false impression by showing the accused’s prior involvement with
the police.  Hammett v. State, 713 S.W.2d 102, 105-06 (Tex. Crim. App.
1986); Ex parte Carter, 621 S.W.2d 786, 788 (Tex. Crim. App. 1981); see
Daggett v. State, 187 S.W.3d 444, 453 & n.24 (Tex. Crim. App. 2005). 

The
record shows that appellant had testified that his interview with Detective
Guthrie was a horrible experience.  During cross-examination, the prosecutor
surmised that the experience “wasn’t [horrible] because of Mrs. Guthrie holding
a gun to your head or locking you in a room or anything such as that, was it?” 
Appellant gratuitously answered:  “I’m not the type of person to continuously
deal with law enforcement.”  The trial court subsequently allowed the State to
correct the false impression left by appellant regarding his lack of contact
with law enforcement.  The State did not spend much time developing the
evidence, and it also elicited the fact that the prior arrests were for less
serious crimes involving property, theft, and alcohol, which were unlikely to
impress the jury in some irrational way in this sexual assault case.  The trial
court did not abuse its discretion in allowing the State to ask appellant about
his prior arrests after appellant opened the door with his testimony or in
determining that the probative value of such evidence was not substantially
outweighed by the danger of unfair prejudice.  See Rule 403; Daggett,
187 S.W.3d at 453 & n.24.  Appellant’s thirteenth issue is overruled. 

Misconduct

            In
his final issue, appellant argues that the trial court erred in not granting a
new trial based upon the outrageous conduct committed by a member of the
district attorney’s staff.  Appellant contends that the victim coordinator for
the district attorney’s office instructed the victim as follows, “Well,
whatever you’ve got to do to get it out, do it.”  The defense witness who
overheard these instructions to the victim could not say exactly what the term
“it” referred to, but she said that the statement was made during a
conversation concerning what the victim could and could not say in the
courtroom.

            An appellate court reviews a trial court’s ruling on a
motion for new trial using an abuse-of-discretion standard of review.  Webb
v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  We must view the
evidence in the light most favorable to the trial court’s ruling and uphold that
ruling if it was within the zone of reasonable disagreement.  Id.  Thus, a trial court abuses its discretion
in denying a motion for new trial only when no reasonable view of the record
could support the trial court’s ruling.  Id.  In the present case, we
cannot hold that the trial court abused its discretion in denying the motion
for new trial because the evidence was conclusory and speculative as to the State’s
misconduct or violation of a court order.  Contrary to appellant’s contention,
the witness did not testify that the victim coordinator instructed the victim
to inject inadmissible matters into evidence.  See generally Stahl v. State,
749 S.W.2d 826 (Tex. Crim. App. 1988) (identifying reversible prosecutorial
misconduct).  Appellant’s fourteenth issue is overruled.  

            The judgment of the trial
court is affirmed.

 

 

                                                                                    TERRY
McCALL

                                                                                    JUSTICE

 

May 27, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 









[1]We
note that consent was not an issue in this case since the victim was a child.  See
Tex. Penal Code Ann. § 22.011
(Vernon 2011). 





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.