# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00775-CR

**Jose Arturo Alvarado, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 09-1881-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Jose Arturo Alvarado guilty of aggravated sexual assault of a child and assessed punishment at thirty-five years' imprisonment. *See* Tex. Penal Code Ann. § 22.021 (West 2011). At trial, the five-year-old complainant testified that Alvarado penetrated her vagina with his penis.[1] The sexual assault nurse examiner who examined the complainant following her outcry testified that she observed trauma to the complainant's genitals that was consistent with penetration. Alvarado's videotaped confession, in which he acknowledged rubbing his penis on the child's vaginal area and then ejaculating, was admitted into evidence.

Alvarado's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements

---

[1] At the time of the assault, the complainant was four years old.

of *Anders v. California*, 386 U.S.738, 744 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75, 80 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Alvarado received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief.

Alvarado filed his pro se brief contending that (1) the jury was prejudiced during voir dire by the comments of another, disqualified venire person, (2) the State failed to disclose evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), (3) the trial court erred in excluding evidence under Rule 412(b) of the Texas Rules of Evidence, (4) the complainant's testimony was the result of witness tampering, and (5) his counsel rendered ineffective assistance. We will briefly explain why Alvarado's contentions lack arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

In his first argument, Alvarado asserts that one of the prospective jurors made a comment during voir dire that may have biased the other jurors. In response to the prosecutor's inquiry of whether each venire person could consider the full range of punishment, venire person 48 said: "No, sir, I cannot. I've been an elementary, middle, and high school principal. I've worked with children who have been abused in their families. It affects them their whole life. Ninety-nine is not enough." Alvarado claims that the trial judge should have instructed the remaining prospective jurors to disregard the comment by venire person 48. In addition, Alvarado contends that the trial

2

judge should have made the jurors answer the questions in writing or conducted voir dire individually outside the hearing of the remaining prospective jurors.

It is a well-established principle that the "trial court has broad discretion over the jury selection process." *Woods v. State*, 152 S.W.3d 105, 108 (Tex. Crim. App. 2004). The appropriate standard of review is whether the trial court abused its discretion. *Boyd v. State*, 811 S.W.2d 105, 115-116 (Tex. Crim App. 1991).

There was nothing improper about the prosecutor asking prospective jurors whether they could consider the full range of punishment. *Standefer v. State*, 59 S.W.3d, 177, 181 (Tex. Crim. App. 2001). In fact, numerous prospective jurors indicated that they could not consider the lower range of punishment of twenty-five years because of the nature of the crime and its reprehensibility; all of those jurors were struck for cause, including venire person 48. Only those jurors who were willing to commit to consider the full range of punishment were allowed to sit on the jury.[2] The trial court granted all motions to strike based on cause, and there is nothing in the record that would support a claim that prospective jurors who were objectionable to the defense remained on the jury.

Further, there was no objection or request for a limiting instruction by counsel. *See Coble v. State*, 330 S.W.3d 283, 292 (Tex. Crim. App. 2010) (noting that trial court's instructions to disregard are generally considered sufficient to cure impropriety of witness outbursts). Nor is

---

[2] It was to Alvarado's benefit to learn which jurors would only consider the high end of the range of punishment so that they could be struck for cause. *See Standefer v.State*, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001) ("[A] prospective juror must be able to consider the full range of punishment provided for an offense or be challengeable for cause.").

there anything in the record indicating that counsel requested individualized voir dire outside the presence of the other jurors or the use of a written questionnaire. *See* Tex. Code Crim Proc. Ann. art. 35.17 (West 2006) (providing that trial court has discretion to require voir dire examination in presence of entire panel). To preserve a complaint for appellate review, the record must show that the complaint was made known to the trial judge by a timely request, objection, or motion that states the grounds for the complaint with sufficient specificity to make the judge aware of the complaint, unless the grounds are apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009). By failing to present a request, motion, or objection at trial, Alvarado failed to preserve the issue for review.

In his next argument, Alvarado claims that the State failed to turn over *Brady* material relating to his interview at the Williamson County Police Department. *See Brady*, 373 U.S. at 87 (holding that prosecution has affirmative duty to disclose evidence in their possession that is favorable and material to defendant's case). Prior to trial, Alvarado filed a motion to suppress the interview on grounds that his confession was involuntary and obtained in violation of his constitutional rights. Upon determining that the interview was non-custodial, the trial court denied Alvarado's motion to suppress, and the confession was ultimately admitted into evidence at trial. Alvarado now argues that the State failed to turn over evidence that would have shown that his confession was the result of custodial interrogation.

It is undisputed that Alvarado drove to the police department voluntarily.[3] He parked his car in a parking lot at a nearby restaurant and left his cell phone in the car. Once inside police

---

[3] The facts recited herein with regard to Alvarado's interview and confession are taken from the testimony presented at a pretrial hearing on Alvarado's motion to suppress.

headquarters, Alvarado was questioned by Agent Hicks of the Texas Department of Public Safety.[4] After a few hours, Alvarado told Hicks that he needed to use his cell phone to make a phone call to postpone a job interview that had been scheduled for that afternoon. Hicks escorted Alvarado out of the building and stood nearby while Alvarado called the prospective employer from his cell phone in the car. After making the call, Alvarado and Hicks returned to the building and continued the interview. Eventually, Alvarado confessed to sexually assaulting the four-year-old victim.

Alvarado claims that the interview changed from being non-custodial to custodial when they were outside in the parking lot. Alvarado claims that Hicks sat in the driver's seat while Alvarado was in the car, in essence, blocking him from leaving. Hicks, on the other hand, testified that he stood nearby on the sidewalk. Alvarado asserts that there could be video surveillance of the parking lot that would have supported Alvarado's assertion that he was blocked and that the State's failure to turn over such video constitutes a *Brady* violation. However, there is nothing in the record concerning an alleged video. *See Hafdahl v. State*, 805 S.W.2d 396, 399 n.3 (Tex. Crim. App. 1990) (*Brady* does not require disclosure of information that is not in the State's possession and that is not known to exist). There is nothing in the record to support Alvarado's claim that there was a tape, that the State ever knew about a tape, or that the State possessed any tape. *See Harwood v. State*, 961 S.W.2d 531, 545 (Tex. App.—San Antonio 1997, no pet.) (noting that *Brady* does not require State to produce evidence of which it has no knowledge). Assertions of fact that are outside the record cannot support a claim that *Brady* was violated.

---

[4] Agent Hicks was a certified polygraph examiner and conducted a polygraph examination of Alvarado.

In his third argument, Alvarado claims that his trial counsel failed to "make clear compelling arguments to explain the goal of introducing evidence" under Rule 412(b)(1)(A) of the Texas Rules of Evidence. Rule 412(b) allows evidence of specific instances of an alleged victim's past sexual behavior to be admitted in a prosecution for sexual assault or aggravated sexual assault or attempt to commit either crime if the evidence is necessary to rebut or explain scientific or medical evidence offered by the State.[5] Tex. R. Evid. 412(b). Whether evidence should be admitted during trial is a matter that lies within the trial court's discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). An appellate court will not interfere with the exercise of that discretion unless there is an abuse of that discretion. An abuse of discretion occurs if the trial court deviates from applicable guidelines and principles so that its discretion falls outside the zone of reasonable disagreement. *Zuliani v. State,* 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

In this case, Alvarado's counsel informed the trial court that he wanted to introduce evidence that the victim had been sexually abused by another family member prior to the accusation made against Alvarado and that the evidence was necessary to explain the testimony from the sexual assault nurse examiner. The trial court allowed Alvarado to make a proffer of the evidence outside the presence of the jury. At the conclusion of the hearing, the trial court specifically found that there was no evidence of prior penetration even though there was evidence of touching. Based on these facts, combined with the fact that the sexual assault nurse examiner could not say when the victim's penetrating injury occurred, the trial court ruled that the proffered evidence did not fall within the

---

[5] This rule is commonly referred to as the "Texas Rape Shield Law." *See, e.g.*, *Hammer v. State*, 296 S.W.3d 555, 566 (Tex. Crim. App. 2009) (referring to Rule 412(b) of the Texas Rules of Evidence as the "Texas Rape Shield Law").

6

exception of Rule 412 and was inadmissible. Considering the record, it was well within the trial court's discretion to decide that the evidence was inadmissible.[6]

Next, Alvarado complains generally of "witness tampering" and cites to a federal statute, 18 U.S.C.A. § 3509, for the proposition that defense counsel must be present when there are meetings between the prosecution and the complainant. *See* 18 U.S.C.A. § 3509 (West 2000 & Supp. 2011). This federal statute is not applicable to a state court criminal proceeding. *See* 18 U.S.C.A. § 3001 (West 2001) (codifying Fed. R. Crim. P. 1) (federal rules of criminal procedure govern proceedings in United States district court). Further, this statute concerns child victims' and child witnesses' rights, and the provision cited by Alvarado pertains to "competency" examinations. *Id*. § 3509(c). This argument presents no arguable merit.

Finally, Alvarado argues that counsel was ineffective for the following reasons: (1) counsel failed to make clear, compelling arguments to explain the goal of introducing the evidence under Rule 412; (2) he advised Alvarado not to testify; (3) he stated that he was more comfortable playing the part of prosecutor; and (4) he failed to ask relevant questions and treated Alvarado with hostility during the hearing on the motion to suppress.[7] Alvarado also complains about his appellate counsel's failure to contact him to explain her preliminary findings in her brief.

---

[6] Even if the evidence fell within one of the exceptions in the rule, the trial court could have determined that the probative value did not outweigh the danger of unfair prejudice. *See Delapaz v. State*, 297 S.W.3d 824, 827 (Tex. App.—Eastland 2009, no pet.) (evidence that child victim had been previously assaulted by another relative did not fall within any exception to the Texas Rape Shield Law).

[7] Alvarado makes a statement that "there were many compelling arguments which could have been made, but for some unknown reason . . . trial counsel chose not to make any of them." This fails to present a specific complaint. *See* Tex. R. App. P. 33.1(a)(1).

7

To prevail on an ineffective-assistance-of-counsel claim, Alvarado must prove by a preponderance of the evidence that counsel was ineffective. *See Perez v. State,* 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). There are two required components of an ineffectiveness claim: performance and prejudice. *Id*. at 892. First, Alvarado must prove that counsel's performance was deficient. *See Strickland*, 466 U.S. at 687; *Perez*, 310 S.W.3d at 893. To satisfy this prong of the analysis, Alvarado "must show that counsel's representation fell below an objective standard of reasonableness" based upon "prevailing professional norms." *See Strickland*, 466 U.S. at 688; *Perez*, 310 S.W.3d at 893. For this performance inquiry we consider all of the circumstances with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Perez*, 310 S.W.3d at 893.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. To succeed under the prejudice component, Alvarado "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, he must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id*. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id*. at 696.

8

A *Strickland* claim must be "firmly founded in the record, and the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). For this reason, direct appeal is usually an inadequate vehicle for raising ineffective assistance claims. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "This is true with regard to the question of deficient performance—in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight—where counsel's reasons for failing to do something do not appear in the record." *Id*. Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Id*. "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id*. (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

None of the claims made by Alvarado are firmly founded in the record. We have already explained that counsel properly objected to the Rule 412 evidence and that the trial court did not abuse its discretion by ruling that the evidence was inadmissible. With regard to Alvarado's complaint that his attorney "strongly advised" him not to testify, the record shows that he was given the opportunity to testify but chose not to:

| | |
|---|---|
| DEFENSE COUNSEL: | Mr. Alvarado, we're in the defense case right now. And this is your opportunity during the guilt/innocence phase to testify. And I think, based on our discussions, you've made a decision about that. You understand that you have a constitutional right to testify in this case in your own defense. You also understand that if you choose not to testify that your decision not to testify, your decision to remain silent in court here, cannot be considered by the jury as any evidence of guilt in your case? |

9

| MR. ALVARADO: | I understand. |
|---|---|
| DEFENSE COUNSEL: | Okay.  And so what is your decision this afternoon? What would you like to do? |
| MR. ALVARADO: | I choose not to testify. |
| DEFENSE COUNSEL: | Okay.  You'd like to remain silent in court? |
| MR. ALVARADO: | Yes. |

There is nothing in the record that supports Alvarado's claim that he wanted to testify but chose not to because of his counsel's advice or what he would have said that would have been favorable in his defense.  Thus, we could not conclude that there was a reasonable probability that the result of the proceeding would have been different if Alvarado had testified.

To the extent Alvarado claims that his counsel failed to ask relevant questions during the hearing on the motion to suppress and treated Alvarado as a hostile witness, there is no record of what questions Alvarado claims should have been asked or that counsel treated his client in an inappropriate manner.  Likewise, there is nothing in the record to support any complaint against his appellate counsel.  In fact, attached to counsel's *Anders* brief is a thorough letter to Alvarado enclosing her brief and explaining the procedures for him to file a pro se brief and for obtaining the record.  On the limited record before us, there is no basis in law or fact for concluding on direct appeal that counsel rendered ineffective assistance.  Accordingly, this issue lacks arguable merit.

Having reviewed the record, counsel's brief, and Alvarado's pro se brief, we agree with counsel that the appeal is wholly frivolous. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27.  Counsel's motion to withdraw is granted.

10

We affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   February 24, 2012

Do Not Publish